## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CASA BELLA LUNA, LLC,       ) | |
|        ) | |
|     Plaintiff,    ) | |
|        ) | |
|        ) | Civil No. 2022-15 |
|    vs.       ) | |

CASA BELLA LUNA, LLC,                )

                                     )

        Plaintiff,                   )

                                     )

                                     )          Civil No. 2022-15

        vs.                          )

                                     )

THE GOVERNMENT OF THE U.S. VIRGIN    )

ISLANDS, and IRA MILLS in his position as the   )

VIRGIN ISLANDS TAX ASSESSOR,         )

                                     )

        Defendants.                  )

## REPORT AND RECOMMENDATION

Before the Court is the Government of the U.S. Virgin Islands and Ira Mills, Tax Assessor for the U.S. Virgin Islands' (collectively, "GVI" or "government") motion to dismiss plaintiff Casa Bella Luna, LLC's ("CBL") complaint based on a pending parallel proceeding and for lack of subject matter jurisdiction. [ECF 12]. Plaintiff filed a response, [ECF 13], and the time to reply has expired.

### I.    BACKGROUND

CBL has sued defendants for violation of its constitutional rights, claiming that the government unlawfully changed property tax assessments for prior tax years and conducted a deficient appeals process. [ECF 1] at 1–2. CBL owns a property on St. John (the "Property") that is the subject of this dispute, and states that it "faithfully and promptly" paid the real property tax bills issued by the Virgin Islands Tax Assessor's Office ("TAO") for the years 2016–2020. *Id.* ¶¶ 1, 15. On May 21, 2021, the TAO issued supplemental real property tax bills for the years 2017–2020, changing the assessments for the Property. *Id.* ¶¶ 20–26; *see also* [ECF 1-7].[1] According

---

[1] The TAO also issued a real property tax bill for 2021 based on the new assessed land and improvement valuations. [ECF 1-7] at 2.

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 2

to a letter from the TAO, the supplemental bills issued because an internal review revealed a permit for a new construction on the Property that was never assessed by the TAO. [ECF 1-7] at 1. CBL contends these revised assessments were untimely and in violation of 33 V.I.C. § 2412, which requires that if a new assessment is made on a property, the Tax Assessor must mail notice to the taxpayer "no later than May 15th of the year the assessment is made." [ECF 1] ¶ 27.

CBL paid the supplemental tax bills, stating it was "forced" to do so pursuant to 33 V.I.C. § 2451 in order to file an appeal to the Board of Tax Review ("BOTR" or "Board"). *Id.* at 2, ¶ 114.[2, 3] On July 14, 2021, CBL appealed the new assessments to the BOTR. *Id.* ¶ 37. CBL contends that although the Board is statutorily required to hold a hearing within 120 days of such a filing, the Board did not schedule a hearing until 210 days later. *Id.* ¶¶ 36, 39 (citing 33 V.I.C. § 2452). Prior to the hearing, CBL made multiple requests for a list of the BOTR members, but never received an answer. *Id.* at 2. Pursuant to 3 V.I.C. § 180(b), the "Board shall be composed of seven (7) members;" however, only four board members were present at CBL's hearing on February 2, 2022. *Id.* ¶ 40. CBL states it confirmed that "these are, and were, the only members of the BOTR, not merely the members present." *Id.* n.16. CBL further states that upon information, the BOTR has not been properly constituted with the required seven members since at least 2020. *Id.* ¶ 67 n.20.

The BOTR's Property Tax Appeals Rules and Regulations provide that, following the presentation of evidence at a hearing, "[t]he Appellant or Appellant's representative shall be allowed to cross examine the Tax Assessor and the Tax Assessor's witnesses." [ECF 1-10] at 11

---

[2] Prior to paying the supplemental bills, CBL first sent a letter to the TAO disputing the reassessments, and met with Virgin Islands Tax Assessor Ira Mills. [ECF 1-8], [ECF 1-9].

[3] CBL states it paid a total of $193,857.23 for the supplemental bills, and tendered $48.067.50 for the 2021 tax billing. [ECF 1] ¶ 114.

(Rules and Regulations 2453-3(b)).  According to CBL, a few weeks before its hearing, counsel for the BOTR sent an email stating "No witnesses are questioned by attorneys."  [ECF 1] ¶ 103.[4] CBL asserts it was not permitted to properly cross-examine the Tax Assessor during its appeal hearing.  [ECF 1] ¶ 100.  The Rules and Regulations also require that all hearings shall be recorded and subsequently transcribed.  [ECF 1-10] at 14 (Rules and Regulations 2454-1(a)).  Additionally, the Board must provide a full record of the proceeding upon any party's request.  *Id.* (2454-1(c)). CBL requested a copy of the transcript and the full record, but the BOTR did not respond.  [ECF 1] ¶¶ 46–47.

On February 10, 2022, the BOTR issued a determination letter as to the 2020 tax year only upholding the reassessment.  *Id.* ¶ 48 (citing Ex. 11); *see* [ECF 1-7] at 3 (supplemental real property bill for 2020).  CBL states that the TAO's position is that the tax year billing for 2017, 2018, and 2019 "could not be addressed," and that the TAO has refused to address the 2021 billing.  *Id.* ¶ 64.

On March 14, 2022, CBL filed its complaint in this Court, asserting jurisdiction based on 28 U.S.C. §§ 1331, 1367, and 2201.  [ECF 1] ¶ 4.  The complaint further asserts that the Fifth and Fourteenth Amendments to the U.S. Constitution are extended to the Virgin Islands through the Revised Organic Act of 1954, Section 3.  *Id.*[5]  The complaint alleges defendants' actions circumvented due process by: (1) failing to give CBL timely notice of the reassessments, denying it a proper opportunity to be heard; (2) failing to have a properly constituted BOTR, depriving CBL of a proper opportunity to appeal the tax assessments and its right to an unbiased tribunal;

---

[4] Plaintiff suggests that the Virgin Islands Assistant Attorney General's representation of the BOTR at the hearing was likely an impermissible conflict of interest because the Attorney General is employed by the executive branch of the Virgin Islands government and the government is the defendant/appellee in this case, and the BOTR is supposed to be a neutral and impartial adjudicative body.  [ECF 1] ¶ 102 n.22.

[5] The complaint requests that the Court order jurisdictional discovery if defendants challenge jurisdiction, and notes that the GVI recently opposed this Court's jurisdiction in another action based on the tax comity doctrine.  [ECF 1] ¶ 74 n.21.

and (3) failing to conduct a proper hearing by depriving CBL of its right to cross examine adverse witnesses, and failing to prepare a record and provide a copy of the transcript to plaintiff. *Id.* ¶¶ 79–80, 83–85, 92–93, 100–01, 104–05.  The complaint further alleges defendants' actions violated CBL's right to equal protection by treating other U.S. Virgin Islands taxpayers differently. *Id.* ¶¶ 119–20; *see also* ¶¶ 53–63 (describing other properties that the TAO has not issued reassessments for).  Finally, CBL alleges that the TAO is estopped from issuing supplemental bills based on CBL's justifiable and reasonable reliance on the original bills, and the TAO's acceptance of payment for those bills. *Id.* ¶¶ 113–15.  Plaintiff requests that the Court enter judgment against defendants, order defendants to refund CBL the taxes paid in excess of the original bills, and order defendants to continue to bill CBL at the assessed amount shown in the original bills for tax year 2019. *Id.* at 18.  Additionally, CBL requests injunctive relief enjoining the GVI "from issuing or collecting any property tax bills, and/or changing any assessments on any real property until the government . . . is operating a property tax system, and BOTR/appeal system, that comports with the Virgin Islands Code, procedural and substantive due process, and the equal protection clause." *Id.* ¶¶ 87, 95, 107, 117, 123.

On March 15, 2022, CBL filed a petition for review in the Superior Court of the Virgin Islands. [ECF 12-1].[6, 7]  CBL states that it did so "to preserve the petition rights as set forth in 33

---

[6] Defendants attached a copy of the petition for review to their motion to dismiss. *See* [ECF 12-1].  CBL does not contest the authenticity of this document.  The Court may properly consider the Superior Court petition in addressing defendants' argument for dismissal based on a parallel proceeding. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (In evaluating a Rule 12(b)(6) motion to dismiss, the court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (alteration in original) (citation omitted)).

[7] The petition states four claims for relief that are similar to the claims alleged in this case. *See* [ECF 12-1] at 10–14. While the petition does not cite the U.S. Constitution or caption any of the claims as due process or equal protection violations, the petition does assert violations of CBL's procedural due process rights. *Id.* ¶¶ 72, 82.  Additionally, the petition names a third defendant not sued in the present matter: the Board of Tax Review, through its Chairperson Bosede Bruce. *Id.* at 2.

V.I.C. § 2453," which permits a taxpayer to challenge a decision of the BOTR by filing a petition for review in the Superior Court.  [ECF 1] ¶ 52.  CBL contends, however, that the Superior Court action "will not, and cannot, address the relief" it seeks in District Court.  *Id.*

On June 9, 2022, the government moved to dismiss based on a pending parallel action in the Superior Court of the U.S. Virgin Islands, or, alternatively, lack of subject matter jurisdiction. [ECF 12] at 1–2.  Defendants first contend that interests of wise judicial administration warrant abstention pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  *Id.* at 3–4, 8–12.  Defendants argue that dismissal is further warranted under Virgin Islands Rule of Civil Procedure 12(b)(1) because the complaint alleges only generalized procedural and substantive due process violations and fails to assert a federal law or statute or substantial federal question that would confer jurisdiction in this Court.  *Id.* at 4–5, 12–13, 15, 18.  In addition, defendants contend that "[g]iven the lack of original jurisdiction premised on federal law or statute, CBL has not articulated a credible basis for the District Court's supplemental jurisdiction over issues arising out of territorial law."  *Id.* at 14.  Finally, defendants maintain that plaintiff's claim for declaratory relief does not automatically satisfy the factual predicate necessary to confer federal question jurisdiction.  *Id.* at 14.  And, if declaratory relief is appropriate in this case, that determination should be made by the Superior Court.  *Id.* at 15.

Plaintiff opposes the motion, first arguing that denial is warranted based on procedural deficiencies.  [ECF 13] at 2.  Specifically, CBL contends that the government's motion fails to comply with Local Rule of Civil Procedure 7.1(c)(1), and fails to assert any Federal Rule of Civil Procedure as a basis for relief.  *Id.* at 2–5.  Moreover, even if the Court construes the motion under Federal Rule 12(b), it is unclear whether defendants move pursuant to Rule 12(b)(1), or Rule 12(b)(6).  *Id.* at 3, 5.  Plaintiff thereby urges the Court to deny or strike defendants' motion "for

failure to properly place its request for relief before this Court." *Id.* at 5. CBL further argues that this Court has subject matter jurisdiction over its procedural due process claims as claims arising under the Constitution, and original jurisdiction over its equal protection claim. *Id.* at 6. Lastly, plaintiff maintains that pending state actions are no bar to federal court jurisdiction, and that no exceptional circumstances exist here such that this Court should defer to the Superior Court action. *Id.* at 6–12. Indeed, CBL argues that there are no parallel proceedings here at all; thus, abstention is not required. *Id.* at 7.

On October 27, 2022, the District Court referred defendants' motion to the undersigned for a Report and Recommendation. [ECF 14].

## II.    LEGAL STANDARDS

### A. Federal Court Jurisdiction and Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). A court's authority to adjudicate a case on the merits "requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Thus, "[t]he requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, for . . . [w]ithout jurisdiction the court cannot proceed at all in any cause." *Id.* (first alteration added) (internal quotations and citations omitted). Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3) (if the court lacks subject-matter jurisdiction, it "must dismiss the action").

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 7

Federal district courts have jurisdiction only in matters involving a federal question, diversity of citizenship, or other limited statutorily provided areas. 28 U.S.C. §§ 1331, 1332. For a claim to arise under the Constitution, laws, or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974).

Where a case is properly brought in district court pursuant to federal question jurisdiction or diversity jurisdiction, the court may have supplemental jurisdiction over local claims arising out of the same case or controversy as the underlying federal claims. 28 U.S.C. § 1367(a); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) ("a district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction" (citation omitted)). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). A court may decline to exercise its jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Additionally, the federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further

relief is or could be sought." 28 U.S.C. § 2201.[8]  The Act itself is not a means to establish federal

court jurisdiction.  It "is procedural only"; through it "Congress enlarged the range of remedies

available in the federal courts but did not extend their jurisdiction."  *McCahill v. Borough of Fox*

*Chapel*, 438 F.2d 213, 214 (3d Cir. 1971) (citations omitted); *see also Cutaiar v. Marshall*, 590

F.2d 523, 527 (3d Cir. 1979) ("The statute creates a remedy only; it does not create a basis of

jurisdiction, and does not authorize the rendering of advisory opinions.").

Rule 12(b)(1) movants may assert either a facial or factual attack on the court's subject

matter jurisdiction.  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  "The former

challenges subject matter jurisdiction without disputing the facts alleged in the complaint," while

the latter "attacks the factual allegations underlying the complaint's assertion of jurisdiction" by

presenting competing facts.  *Id.*  Stated another way, "a facial attack contests the sufficiency of the

pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport

[factually] with the jurisdictional prerequisites." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d

347, 358 (3d Cir. 2014) (alterations in original) (internal quotations and citations omitted).  Though

a "facial attack offers the plaintiff the safeguard of requiring the court to consider the allegations

of the complaint as true, the factual attack allows the court to 'weigh the evidence and satisfy itself

as to the existence of its power to hear the case.'"  *Doe v. Goldstein's Deli*, 82 F. App'x 773, 775

(3d Cir. 2003) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977)).  Thus, in assessing whether it has jurisdiction in the latter case, "[t]he court may consider

. . . evidence outside of the pleadings."  *Id.*  Importantly, however, "[a] factual challenge may occur

---

[8] The Supreme Court has explained that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  In determining whether a declaratory judgment action satisfies this requirement, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

only after the allegations of the complaint have been controverted." *Abiff v. Yusuf*, 49 V.I. 947, 950 (D.V.I. 2008); *see Mortensen*, 549 F.2d at 891–92 n.17 (explaining that a Rule 12(b)(1) "factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed," but "cannot occur until plaintiff's allegations have been controverted"); *see also Aichele*, 757 F.3d at 358 (a facial "attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint").

Finally, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Doe*, 82 F. App'x at 775; *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation.").

## B. *Colorado River* Abstention

The Supreme Court has long held that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* Accordingly, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Colorado River*, 424 U.S. at 817 (citation omitted).

In *Colorado River*, the Supreme Court identified three categories of cases wherein abstention is appropriate. 424 U.S. at 814–17. The Third Circuit has described these as:

> *Pullman* abstention, an outgrowth of *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), which is proper when a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case; *Burford* abstention, an outgrowth of *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), which is proper when questions of state law in which the state has expressed a desire to establish a coherent policy with respect to a matter of substantial public concern are presented; and *Younger* abstention, an outgrowth of *Younger v. Harris*, 401 U.S. 37 (1971), which is proper when federal jurisdiction has been invoked for the purpose of restraining certain state proceedings.

*Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011). When a case does not fall within one of these categories, principles of wise judicial administration may still permit dismissal of a federal suit when there is a concurrent state proceeding. *Colorado River*, 424 U.S. at 817–18. However, the circumstances permitting such a dismissal "are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818.

In determining whether dismissal for reasons of wise judicial administration is appropriate, federal courts should consider the following factors: (1) whether either court has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which the courts obtained jurisdiction, (5) which forum's substantive law governs the merits of the case, and (6) the adequacy of the state forum to protect the parties' rights. *Ingersoll-Rand Fin. Corp. v. Callison*, 844 F.2d 133, 136 (3d Cir. 1988). Because "[n]o one factor is necessarily determinative," a court must make a "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colorado River*, 424 U.S. at 818. "Only the clearest of justifications will warrant dismissal." *Id.* at 819. Thus, while the "weight to be given to any one factor may vary greatly from case to case," the overall balance is "heavily weighted in favor of the

exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

"A district court has little or no discretion to abstain in a case that does not meet traditional abstention requirements." *United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356, 361 (3d Cir. 1986). "Within these constraints, determination whether the exceptional circumstances required for abstention exist is left to the district court . . . ." *Id.*; *see also Moses Cone*, 460 U.S. at 19 (a district court exercises its discretion under *Colorado River's* exceptional-circumstances test).

### III.    DISCUSSION

As an initial matter, the Court notes that defendants' motion is subject to dismissal for the procedural deficiencies identified in plaintiff's opposition.  The government failed to comply with LRCi 7.1(c), which requires a motion stating the requested relief to be filed separately from a supporting memorandum.  "It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).  Additionally, the government cites only to the Virgin Islands Rules of Civil Procedure as a basis for the relief requested, but it is the Federal Rules that govern in this federal district court. *Smith v. Kenny*, 16 V.I. 411, 413 (D.V.I. 1979); *Gov't Employees' Ret. Sys. of Virgin Islands v. Callwood*, 2020 WL 1979332, at *2 (D.V.I. Apr. 24, 2020).  The Court would be well within its discretion to deny the motion for these reasons alone.  However, in the interests of resolving issues on the merits, the Court will construe defendants' motion as seeking relief under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[9]

---

[9] The Court notes that issues regarding the applicability of the Tax Injunction Act and tax comity doctrine are likely relevant to this case, but have not been raised in defendants' motion.  The Court will not stretch to address arguments the parties failed to raise.

Accordingly, the Court will consider whether CBL's complaint sufficiently invokes federal court jurisdiction, and, if so, whether this Court should nevertheless stay or dismiss this action due to the pending state court action.

## A. Whether this Court has Jurisdiction

The complaint identifies three bases for jurisdiction:  28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 2201 (the Declaratory Judgment Act).  The Court will address each of these in turn.

### i.    Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3d Cir. 2007) ("Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that 'federal law creates the cause of action.'" (citation omitted)).

The Court must first determine whether the government's "motion presents a 'facial' attack or a 'factual' attack on the claim[s] at issue, because that distinction determines how the pleading must be reviewed."  *Aichele*, 757 F.3d at 357.  While defendants appear to assert a factual challenge to this Court's subject matter jurisdiction, *see* [ECF 12] at 5,[10] they have not filed an answer in this

---

[10] The government's motion is not a model of clarity.  In its section on "Subject Matter Jurisdiction," the government cites to superior court cases and the Virgin Islands Rules of Civil Procedure, but fails to address the proper standard under the Federal Rules.  *See* [ECF 12] at 4–5.

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 13

matter or otherwise controverted the jurisdictional facts. "Consequently, their challenge to this Court's subject-matter jurisdiction is a facial one, and the Court takes all of [CBL's] allegations as true." *Abiff*, 49 V.I. at 951; *see also Prosser v. Shappert*, 2022 WL 11115255, at *1 (D.V.I. Oct. 19, 2022) ("When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge."); *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 812 (E.D. Pa. 2015) (motion to dismiss filed before an answer constitutes a facial attack, and as such, the court "may only consider a defect that is evident on the face of the complaint"); *Aichele*, 757 F.3d at 358 (finding district court erred in construing motion as factual attack because defendant "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts[, and i]ts motion was therefore, by definition, a facial attack").[11]  Nor must the Court consider whether CBL will ultimately succeed on the merits of its claims. "Rather, '[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Abiff*, 49 V.I. at 951–52 (alterations in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Accordingly, to the extent that defendants offer exhibits relevant to the merits of CBL's claims, such documents shall be disregarded in considering whether the complaint sufficiently pleads federal court jurisdiction.[12]  *See Moore*, 118 F. Supp. 3d at 813 (on facial challenge, court would "disregard in its entirety the factual recital" defendant offered to challenge plaintiff's standing).

---

[11] The Third Circuit "has long held that a motion to dismiss is not the proper vehicle in which the defendant may dispute facts. Such matters outside the pleadings are more properly raised as affirmative defenses and litigated after an answer has been filed." *Moore*, 118 F. Supp. 3d at 813 n.5.

[12] The government argues at length that CBL has not pled a substantial federal question because its claims lack merit. [ECF 12] at 15–18. However, the government appears to conflate plaintiff's obligation to allege sufficient facts for jurisdictional purposes with its ultimate obligation to win on the merits of its claims.

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 14

Plaintiff has pled sufficient facts to establish this Court's subject matter jurisdiction. The complaint expressly relies on federal law by invoking the Fifth and Fourteenth Amendments to the U.S. Constitution and alleging equal protection and due process claims. CBL contends that the government issued tax reassessments and supplemental bills in an unconstitutionally impermissible manner. Additionally, CBL complains of constitutional errors in the BOTR appeals process. CBL alleges that as a result, it was forced to pay unlawful taxes, and has no legal or sufficient mechanism to appeal property tax assessments. CBL seeks to compel refunds of the taxes it paid in excess of the original bills, and injunctive relief enjoining the government from issuing or collecting property tax bills, or changing assessments on any real property, until the government is operating a tax system and appeal system that comport with Virgin Islands law and the U.S. Constitution. Accordingly, the Court recommends that the GVI's motion to dismiss based on lack of subject matter jurisdiction be denied. *See Frank v. Gov't of the Virgin Islands*, 2010 WL 1417857, at *3 (D.V.I. Mar. 31, 2010) (rejecting argument that court lacked jurisdiction over action challenging BOTR decision, reasoning that plaintiff did not "merely seek a writ of review by this Court . . . [r]ather, [he] asserts constitutional and federal law violations in the Defendants' tax appraisal practices and the functioning of the [BOTR]"), *aff'd*, 563 F. App'x 169 (3d Cir. 2014); *Berne Corp. v. Gov't of Virgin Islands*, 105 F. App'x 324, 328 (3d Cir. 2004) (holding that where "plaintiffs adequately presented the constitutional claims on the face of their complaint, this alone conferred subject matter jurisdiction on the District Court"); *see also Sarfaty v. Sarfaty*, 534 F. Supp. 701, 706 (E.D. Pa. 1982) ("As a general rule, the federal courts have subject matter jurisdiction over procedural due process claims as claims arising under the Constitution.").

ii.    Supplemental Jurisdiction

Defendants' sole argument on this point is that "[g]iven the lack of original jurisdiction

premised on federal law or statute, CBL has not articulated a credible basis for the District Court's supplemental jurisdiction over issues arising out of territorial law."  [ECF 12] at 14.  The Court rejects this contention.  Because the complaint sufficiently pleads federal question jurisdiction, this Court may exercise supplemental jurisdiction over any state law claims.  *See, e.g.*, *Abiff*, 49 V.I. at 953 ("A district court may exercise supplemental jurisdiction 'where state-law claims share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction.'" (citation omitted)); *see also Lindon Corp. v. Gov't of Virgin Islands*, 313 F. Supp. 2d 528, 530 (D.V.I. 2004) (finding court had supplemental jurisdiction over plaintiffs' suit against the Tax Assessor for illegally assessing their property and citing 5 V.I.C. § 80, which provides that "[a] taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds").

    iii.    Declaratory Judgement Action

    The government's argument on this point is a non sequitur.  Because the Court finds that federal subject matter jurisdiction exists based on the constitutional claims alleged on the face of the complaint, the Court need not give any further consideration to defendants' contention that declaratory relief sought pursuant to 28 U.S.C. § 2201 cannot in and of itself satisfy the factual predicate necessary to confer federal court jurisdiction.[13, 14]

---

[13] To the extent that CBL's claims arise under the Declaratory Judgment Act, or it seeks a declaration of the parties' rights, "[t]he District Court of the Virgin Islands is empowered to grant declaratory relief under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 (1964), provided an 'actual controversy' exists between the parties." *Norman's on the Waterfront, Inc. v. Wheatley*, 317 F. Supp. 247, 249 (D.V.I. 1970), *aff'd*, 444 F.2d 1011 (3d Cir. 1971); *see also Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974) ("The objectives of the Federal Declaratory Judgment Act are: '. . . to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.' An additional purpose is to clarify legal relationships before they have been disturbed or a party's rights violated." (citation omitted)).

[14] To the extent that the government asserts the Declaratory Judgment Act as another reason why the Court should decline to exercise jurisdiction over this matter, the Court declines to address this argument further.  The government's argument on this point is less than clear, with incomplete citations.  Perhaps this is because the entire argument consists

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 16

### B.  Whether this Court Should Defer to the Superior Court Action

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.  Thus, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule[,]" *id.* at 813, and "is permissible only in exceptional and narrow situations." *Univ. of Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991).  "In order for *Colorado River* abstention to be appropriate, there must be parallel state and federal litigations that are 'truly duplicative.'" *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997).[15]  "When the two cases fit this requirement, the district court, in its discretion, may abstain only if the several *Colorado River* factors clearly weigh in favor of abstention." *Id.*

### i.    Parallel Proceedings

"The threshold issue for *Colorado River* abstention is whether the state and federal actions are 'parallel' proceedings; if not, then the federal district court lacks the power to abstain." *Bank of Am., NA v. Prosser*, 2015 WL 1593747, at *5 (D.V.I. Apr. 6, 2015); *but see Blank River Servs., Inc. v. Towline River Serv., Inc.*, 395 F. Supp. 3d 589, 596 (W.D. Pa. 2019) ("A court need not determine whether a state-court proceeding is parallel if the actions do not present the requisite 'extraordinary circumstances' warranting abstention.").  "'For judicial proceedings to be parallel, there must be identities of parties, claims, and time,' meaning the cases 'involve the same parties

---

of two full paragraphs that the government copied and pasted from a district court opinion: *Stone St. Asset Tr. v. Blue*, 821 F. Supp. 2d 672, 678 (D. Del. 2011).  *See* [ECF 12] at 14–15.  The government merely adds one sentence of its own, concluding that if declaratory relief is appropriate in this case, it should be determined by the Superior Court. *Id.* at 15.

[15] The government does not contend that this case falls within one of the three traditional categories where abstention is proper, such as under *Pullman*, *Burford*, or *Younger*.  *See Colorado River*, 424 U.S. at 814–16; *Nat'l City Mortg. Co.*, 647 F.3d at 83.  Rather, the government argues that abstention due to considerations of wise judicial administration applies here—*Colorado River* abstention.  424 U.S. at 817.

and substantially identical claims, raising nearly identical allegations and issues.'" *Prosser*, 2015 WL 1593747, at *5 (quoting *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006)). While the government fails to address this threshold issue at all, CBL argues the two actions are not parallel within the meaning of *Colorado River* because there is no identity of claims. [ECF 13] at 7. Upon examination of the Superior Court petition for review and the present complaint, the Court agrees.

First, the contemporaneous territorial and federal actions clearly satisfy the time requirement. Second, the parties in the federal suit are also parties to the territorial suit. While the territorial action names an additional defendant, this alone does not destroy parallelism. *See Prosser*, 2015 WL 1593747, at *5 ("cases are sufficiently parallel if all of the parties in the federal case are also parties in the state case, even if the state case involves additional parties" (citation omitted)). Lastly, however, the two actions do not raise substantially identical claims. The Court acknowledges that both suits present similar counts based on the untimely assessments, an improperly constituted BOTR, an improper hearing, and estoppel, and seek similar remedies. *See* [ECF 1] at 11–16, 18; [ECF 12-1] at 10–15.[16] But only the federal suit seeks injunctive relief. *See id*; *see also New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1074 (4th Cir. 1991) ("A difference in remedies is a factor counseling denial of a motion to abstain."). The territorial action was filed pursuant to 33 V.I.C. § 2453(d), which provides that the Superior Court may modify, reverse, or affirm the BOTR's decision. The statute does not, however, provide for injunctive relief. Additionally, only the federal suit alleges that the untimely

---

[16] The Court does not necessarily find it determinative that the Superior Court petition does not explicitly assert federal constitutional claims. *See Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 753 (7th Cir. 2006) ("two actions are 'parallel' where the underlying issues are the same, even if they have been 'repackag[ed] . . . under different causes of action'" (alterations in original) (citation omitted)).

assessments violated CBL's procedural and substantive due process rights by failing to give it adequate notice and a timely opportunity to be heard.  [ECF 1] ⁋⁋ 84–85.  As well, only the federal suit alleges that the failure to have a neutral and impartial BOTR violated CBL's due process rights.  *Id.* ⁋ 105.  Further, only the federal suit includes a count alleging an equal protection violation.  *Id.* at 17.

In sum, although the two actions are based on the same underlying facts and present similar claims, the federal suit raises additional constitutional allegations and issues and seeks different relief.  Consequently, the claims in the two actions are not substantially identical for purposes of *Colorado River* abstention.  *See, e.g.*, *Univ. of Maryland at Baltimore*, 923 F.2d at 276 ("the lack of identity of all issues necessarily precludes *Colorado River* abstention"); *Nat. Collegiate Athletic Ass'n v. Corbett*, 25 F. Supp. 3d 557, 571 (M.D. Pa. 2014) ("cases do not need to be precisely identical, but 'there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case'" (citation omitted)); *Kuhn v. Oehme Carrier Corp.*, 255 F. Supp. 2d 458, 464 (E.D. Pa. 2003) (finding cases not parallel where legal issues were not identical and federal case sought different relief).

As the Third Circuit has cautioned, "[i]t is important . . . that only truly duplicative proceedings be avoided.  When the claims, parties, or requested relief differ, deference may not be appropriate."  *Complaint of Bankers Tr. Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980); *see also Moses Cone*, 460 U.S. at 28 ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.  If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.").

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 19

Accordingly, based on the foregoing analysis, the Court finds that the instant matter and the Superior Court action are not parallel proceedings as contemplated by *Colorado River*.

    ii.    Abstention

Having found that the two actions are not parallel, the Court "need not delve into the multi-factor test" to determine whether there are exceptional circumstances meriting abstention. *R & R Cap. LLC v. Merritt*, 426 F. App'x 85, 89 (3d Cir. 2011). But even assuming parallelism exists here, there is nothing exceptional about the parallel proceedings in this case that would justify staying or dismissing this action in deference to the Superior Court proceeding.

To determine whether there are "extraordinary circumstances" warranting abstention, a district court must consider the six factors set forth in *Colorado River* and *Moses Cone*: (1) whether either court has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) avoidance of piecemeal litigation, (4) the order in which the courts obtained jurisdiction, (5) which forum's substantive law governs the merits of the litigation, and (6) the adequacy of the state forum to protect the parties' rights. *Ingersoll-Rand*, 844 F.2d at 136. Because the presence of duplicative litigation, without more, cannot constitute exceptional circumstances, "*Colorado River* abstention must be grounded on more than just the interest in avoiding duplicative litigation." *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171–72 (3d Cir. 1999).[17]

_____

[17] In *Spring City,* the Third Circuit explained that the duplicative litigation concern was given great importance in *Colorado River,* a water rights case, due to "the clear federal policy embodied in the McCarran Act to avoid piecemeal adjudication of water rights." 193 F.3d at 172; *see also Ryan v. Johnson,* 115 F.3d 193, 197 (3d Cir. 1997) (McCarran Act was "paramount" factor justifying abstention in *Colorado River*). The Third Circuit emphasized that the presence of duplicative litigation, without more, cannot constitute exceptional circumstances justifying abstention. *Spring City*, 193 F.3d at 172. Rather, the court concluded that "even though it is important to prevent 'piecemeal litigation,' a stay is appropriate only when there is a 'strong federal policy against [such] litigation.'" *Id.* (alteration in original) (quoting *Ryan,* 115 F.3d at 197). Thus, "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Id.* (citation omitted).

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 20

The first factor has little relevance here, as neither court has assumed jurisdiction over property, and thus weighs against abstention.[18] *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (rejecting "the contention that the absence of this factor is 'a neutral item,'" and finding that where neither court has assumed jurisdiction over any *res*, this factor supports exercising federal jurisdiction).

The second factor also weighs against abstention. As CBL points out, the federal courthouse is across the street from the Superior Court. Thus, the fora are equally convenient. Given the *Colorado River* presumption in favor of exercising jurisdiction, there can be no "neutral" factor—if a factor does not weigh in favor of abstention, it weighs against it. *See U.S. Claims, Inc. v. Smolar*, 574 F. Supp. 2d 487, 490 (E.D. Pa. 2008) ("Equal convenience is not neutral; it weighs against issuing a stay because it means that litigating in federal court is not inconvenient."); *see also Blank River Servs.*, 395 F. Supp. 3d at 599 (finding federal forum was not inconvenient where both courts were located in the same city).

Additionally, defendants confuse the issues by arguing that the first two *Colorado River* factors weigh in favor of dismissal because territorial statutes confer jurisdiction on the Superior Court to hear appeals of decisions of the BOTR, and because this matter relates "exclusively to Virgin Islands law." [ECF 12] at 8–9. But these are not the correct issues to discuss in determining whether either court has assumed jurisdiction over property or the inconvenience of the federal forum. Defendants are answering a different question, and their argument on this point is misplaced.

---

[18] The dissent in *Colorado River* described the majority's reasoning as relying "principally on cases reflecting the rule that where 'control of the property which is the subject of the suit (is necessary) in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other.'" 424 U.S. at 822 (Stewart, J., dissenting) (citation omitted). The dissent clarified that "this rule applies only when exclusive control over the subject matter is necessary to effectuate a court's judgment." *Id.* In the present case, neither party argues that in rem or quasi in rem jurisdiction is necessary for a court to decide the claims at issue.

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 21

At first glance, the third factor might appear to be in favor of abstention; however, this factor is met "only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan*, 115 F.3d at 198; *see Spring City,* 193 F.3d at 172. "[T]he mere possibility of piecemeal litigation" fails to meet this test. *Ryan*, 115 F.3d at 198. Thus, defendants' argument that a judgment by this Court "could potentially result in a split in decision on issues that can [] easily, readily, and summarily be resolved . . . by the Superior Court" is unavailing. [ECF 12] at 10. While the Superior Court may be able to "comprehensively address all the issues in the case" and "eliminate the need for any duplicate proceedings in the federal court," as defendants urge, that is not the standard. [ECF 12] at 10.[19] As the Third Circuit has warned,

> [I]f the mere possibility of concurrent state-federal litigation satisfies *Colorado River*'s "piecemeal adjudication" test, the test becomes so broad that it swallows up the century-old principle . . . that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." If this were the law, it is difficult to conceive of *any* parallel state litigation that would not satisfy the "piecemeal adjudication" factor and militate in favor of *Colorado River* abstention. If that is true, then the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them []" recognized in *Colorado River* and reiterated in *Cone* would effectively be eviscerated, a result we cannot presume either the Supreme Court or this court to have intended.

*Ryan*, 115 F.3d at 198 (first alteration added) (internal citations omitted). Unlike *Colorado River*, in the instant case, there is no such "strongly articulated *congressional policy* against piecemeal

---

[19] Defendants' arguments that dismissal is further warranted under the piecemeal litigation factor because the state case includes an additional defendant, and because both cases raise the same claims (excepting equal protection), are likewise unavailing and go more to the issue of whether the two proceedings are parallel. *See* [ECF 12] at 11. The case defendants cite, *Aetna Cas. & Sur. Co. v. Sterner*, 700 F. Supp. 252, 256 (E.D. Pa. 1988), concluded somewhat confusingly that while the state action included additional issues and parties, this lack of parallelism worked in favor of dismissal because the state case would provide a more comprehensive resolution of the litigation. The court then stated that because it found the two cases presented the same issues and parties, it would apply the *Colorado River* and *Moses Cone* factors. *Id.* Although the *Aetna* court found that the avoidance of piecemeal litigation factor weighed in favor of dismissal because "the state action would most comprehensively address all the issues," the court wholly failed to address whether there was a clear congressional policy that the claims at issue should be tried in state court. *Id.*

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 22

litigation in the specific context of the case under review." *Ryan*, 115 F.3d at 198. Nor have defendants attempted to identify one—their argument appears to be based solely on avoiding duplicative litigation. While this Court observes the importance of conserving judicial resources, avoiding multiple court proceedings, and reducing costs to parties, the presence of concurrent state and federal litigation itself fails to meet the avoidance of piecemeal litigation factor. *See Kentucky W. Virginia Gas Co. v. Pennsylvania Pub. Util. Comm'n*, 791 F.2d 1111, 1118 (3d Cir. 1986) (exceptional circumstances not met where there had been no showing of any congressional legislation evincing an intent to circumscribe the plaintiff's right to choose the federal forum).

As to the fourth factor, the federal court assumed jurisdiction first, albeit only by one day. But "[t]here is no 'first to file' rule in the *Colorado River* analysis." *Blank River Servs.*, 395 F. Supp. 3d at 600. Rather, the Supreme Court has explained that "[t]his factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses Cone*, 460 U.S. at 21. "Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* Here, this factor supports exercising federal jurisdiction based on the relatively similar filing dates and stages of litigation in each action.[20] *See Blank River Servs.*, 395 F. Supp. 3d at 600 (finding that, where state action was filed first but still in its earliest stages, and federal action was at motion to dismiss stage, "[a]t most, this factor does not weigh conclusively in favor of either party, and certainly does not weigh strongly in favor of abstention").

The fifth factor also counsels against abstention. While the underlying dispute is based on a territorial property tax issue, the complaint asserts federal due process and equal protection

---

[20] The government states that CBL's request for issuance of a writ of review in the Superior Court is still pending. [ECF 12] at 11. CBL notes that the Superior Court has not issued a briefing schedule. [ECF 13] at 11.

claims under the Fifth and Fourteenth Amendments to the U.S. Constitution. As to defendants'
argument that this case is governed by Virgin Islands law, the Supreme Court has cautioned that
"[a]lthough in some rare circumstances the presence of state-law issues may weigh in favor of
[surrendering jurisdiction], the presence of federal-law issues must always be a major
consideration weighing against surrender." *Moses Cone*, 460 U.S. at 26; *see also Ryan*, 115 F.3d
at 199 ("while the presence of federal issues militates against abstention, the converse cannot be
said; abstention cannot be justified merely because a case arises entirely under state law"); *cf. MCI
Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1109 (3d Cir. 1995) (Nygaard, J.,
concurring) ("It is axiomatic that, because federal subject matter jurisdiction can be conferred or
withdrawn only by Congress, a federal court must look only to federal, not state, law to determine
whether that jurisdiction exists, even when the substantive right at issue is a creature of state law.").
Further, while a case may involve both state and federal claims, "the mere potential for conflict in
the results of adjudications, does not, without more, warrant staying exercise of federal
jurisdiction." *Colorado River*, 424 U.S. at 816. To the extent that this action involves matters of
state law, there is no reason why this Court would not be capable of applying it.[21] *See, e.g., Ryan*,
115 F.3d at 200 (finding negligence suit did not present "rare circumstances" requiring abstention,
and reasoning that laws and regulations at issue were "no more inherently complex or unsettled
than any other state statute or regulation").

Finally, the sixth factor weighs against abstention. In arguing that the Superior Court
routinely hears writs of review and is an adequate and proper forum to address the parties' rights,
defendants once again confuse the standard. [ECF 12] at 12. "[T]he mere fact that the state forum

---

[21] The Third Circuit has stated that "application of state law is not as important where, as here, the federal forum is
adequate to protect the parties' rights. It is a far more important consideration when the state court is an inadequate
forum to protect the rights of the litigants." *McMurray v. De Vink*, 27 F. App'x 88, 94 (3d Cir. 2002).

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 24

is adequate does not counsel in favor of abstention." *Ryan*, 115 F.3d at 200. Rather, "given the

heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction[,]

. . . this factor is normally relevant only when the state forum is *in*adequate." *Id.* "When the state

court is adequate, however, the factor carries little weight." *Id.* Thus, presuming the parties'

interests will be adequately considered by either court, this factor weighs against abstention.

In balancing these factors to determine whether abstention is proper, the inquiry "is not to

find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the

task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,'

that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses Cone*,

460 U.S. at 25–26. Nothing in the instant case constitutes the "exceptional circumstances" that

would warrant abstention. Further, because none of these factors compels abstention, let alone

favors it, dismissing or staying this case would amount to an abuse of discretion. *See Ryan,* 115

F.3d at 200 (concluding "strong presumption in favor of exercising jurisdiction over this case has

not been overcome" and reversing district court's dismissal); *Spring City*, 193 F.3d at 173 (finding

no "exceptional circumstances" warranting abstention and reversing district court's stay); *see also*

*IFC,* 438 F.3d at 307 (describing "the disfavor in which we hold abstention" and affirming district

court's refusal to abstain).

Both the Third Circuit and the Supreme Court have repeatedly reiterated the "virtually

unflagging obligation" that federal courts have "to exercise the jurisdiction given them." *Colorado*

*River*, 424 U.S. at 817; *Ryan*, 115 F.3d at 195 (noting that "[t]his precept can be traced at least as

far back as *Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821)"). "[I]t was never a doctrine of

equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a

State court could entertain it." *Alabama Pub. Serv. Comm'n v. S. Ry. Co.*, 341 U.S. 341, 361

(1951) (Frankfurter, J., concurring). This Court should not abstain from hearing this action.

## IV.    CONCLUSION

Accordingly, the premises considered,

It is **RECOMMENDED** that the defendants' motion to dismiss plaintiff's complaint be

**DENIED**.

Any objections to this Report and Recommendation must be filed in writing within 14

days of receipt of this notice. Failure to file objections within the specified time shall bar the

aggrieved party from attacking such Report and Recommendation before the assigned District

Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

Dated: February 8, 2023                     S_____
                                            **RUTH MILLER**
                                            United States Magistrate Judge