IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CASA BELLA LUNA, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GOVERNMENT OF THE U.S. VIRGIN )<br>ISLANDS, and IRA MILLS in his position as the )<br>VIRGIN ISLANDS TAX ASSESSOR, )<br>)<br>Defendants. ) | Civil No. 2022-15 |

**ORDER**

Before the Court is plaintiff Casa Bella Luna, LLC's ("CBL") motion to amend the complaint. [ECF 63]. The Government of the U.S. Virgin Islands and Ira Mills, Tax Assessor for the U.S. Virgin Islands' (collectively, "GVI" or "government") oppose the motion and plaintiff filed a reply. [ECFs 68, 71].

**I.   BACKGROUND**

The Court writes for the parties and includes only those facts necessary to resolve this motion.[1] CBL has sued defendants for violation of its constitutional rights, claiming that the government unlawfully changed property tax assessments for prior tax years and conducted a deficient appeals process. [ECF 1] at 1–2. CBL filed its original complaint asserting jurisdiction based on 28 U.S.C. §§ 1331, 1367, and 2201. *Id.* ¶ 4. The complaint alleges defendants' actions circumvented due process and violated CBL's right to equal protection by treating other U.S. Virgin Islands taxpayers differently. *Id.* ¶¶ 119–20; *see also* ¶¶ 53–63 (describing other properties that the Tax Assessor's Office has not issued reassessments for). CBL requested that the Court order defendants to refund CBL the taxes paid in excess of the original

---

[1] For a more complete recitation of the facts *see* [ECF 22] (Report and Recommendation).

Case: 3:22-cv-00015-RAM-GAT     Document #: 74     Filed: 09/22/23     Page 2 of 4

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 2

bills, and order defendants to continue to bill CBL at the assessed amount shown in the original bills for tax year 2019. *Id.* at 18. Additionally, CBL requested injunctive relief enjoining the GVI "from issuing or collecting any property tax bills, and/or changing any assessments on any real property" until certain criteria were met. *Id.* ¶¶ 87, 95, 107, 117, 123. With its proffered amendment, CBL seeks to remove claims for injunctive relief and to clarify the statutory authority under which it seeks a tax refund.

## II.     LEGAL STANDARDS

Rule 15(a) provides that leave to amend a complaint should be freely given when justice so requires. However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

"In the Third Circuit, delay alone does not justify denying a motion to amend." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001)). Rather, the delay must either be undue, such that it places "an unwarranted burden on the court," or it must be prejudicial, such that it places "an unfair burden on the opposing party." *Synthes*, 281 F.R.D. at 225 (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

"Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing

futility, the district court applies the same standard of legal sufficiency as applies under [FRCP] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In other words, the court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Wright & Miller, *Federal Practice & Procedure* § 1487 (3d ed. 2019).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (quotation marks omitted)). Ultimately, whether to grant leave to amend lies within a court's discretion. *Pennsylvania Emps. Ben. Tr. Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

### III. DISCUSSION

The GVI opposes the motion based on futility. [ECF 68] at 4. First, the GVI argues that CBL fails to properly allege an equal protection claim. *Id.* at 5–8. Next, the GVI contends that the Tax Assessor acted properly in issuing the bills in question. *Id.* at 8–10. Finally, the GVI claims that CBL was afforded due process. *Id.* at 11–14. CBL contends primarily that the government's futility arguments go to the merits of the claims, rather than the sufficiency of the proffered amended pleading. [ECF 71].

The Court first notes that the GVI does not argue undue delay, bad faith, dilatory motives or prejudice, and the Court finds none of these factors present.

Next, with respect to futility, the Court finds the GVI's arguments to be unpersuasive at this stage. Each of these claims appears in the original complaint, and the GVI filed an answer to that pleading. [ECF 28]. The proffered amendment makes small changes to the language and deletes the request for injunctive relief, but the gist of the claims remain the same. The GVI cannot attack the merits of a claim asserted in the original complaint under the guise of opposing a motion to amend on futility grounds. *See Cuoco v. Palisades Collection, LLC*, 2015 WL 4606657, at *4 (D.N.J. July 31, 2015) ("Any allegations included in Plaintiff's original Complaint are not reviewable in the context of [a Rule 15 motion to amend]. Because these claims were pled in the original Complaint, and Defendants did not move to dismiss them, these amendments adding facts are not now futile, and therefore shall be permitted."). At this point, any effort to seek the dismissal of claims asserted in the original complaint should be made through a motion for summary judgment, not through what amounts to an untimely motion to dismiss. *Compare* FRCP 12(b)(6) *with* FRCP 56(c).

## IV.   CONCLUSION

Accordingly, the premises considered, it is ORDERED:

(1) Casa Bella Luna, LLC's motion to amend [ECF 63] is GRANTED;

(2) The amended pleading shall be known as the "First Amended Complaint;"

(3) Southland shall file the First Amended Complaint on the docket no later than September 30, 2023; and

(4) Responses to the First Amended Complaint shall be filed in accordance with the applicable rules.

**Dated:** September 22, 2023          S_____
                                                                          **RUTH MILLER**
                                                                          United States Magistrate Judge