IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CASA BELLA LUNA, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 2022-15 |
| THE GOVERNMENT OF THE U.S. VIRGIN ISLANDS, and IRA MILLS in his position as the VIRGIN ISLANDS TAX ASSESSOR, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Before the Court is the Government of the U.S. Virgin Islands and Ira Mills, Tax Assessor for the U.S. Virgin Islands' (collectively, "GVI" or "government") motion to disqualify plaintiff Casa Bella Luna, LLC's ("CBL") attorney Michael L. Sheesley, Esq., based on alleged ethical violations. [ECF 37]. Plaintiff opposed the motion, [ECF 42], and the GVI filed a reply. [ECF 43].

### I.   BACKGROUND

On March 14, 2022, CBL filed its complaint in this Court. CBL sued defendants for violation of its constitutional rights, claiming the government unlawfully retroactively changed property tax assessments for prior tax years and conducted a deficient appeals process, with respect to property CBL owns on St. John (the "Property"). [ECF 1] at 1–2.[1] Plaintiff alleges it paid the taxes as assessed, and requests that the Court order defendants to refund CBL the taxes paid in excess of the original bills.[2]

---

[1] The Court writes for the parties and therefore sets forth only those facts necessary to the resolution of this motion. For a more complete description of the factual background, see [ECF 22] (Report and Recommendation).

[2] CBL initially sought in addition to the refund, certain prospective relief. [ECF 1] at 18. It has since filed a First Amended Complaint ("FAC") and no longer seeks any prospective relief. See [ECF 76] at 17.

On December 2, 2022, CBL filed a motion to substitute Brett Jefferson for CBL as plaintiff, contending that on November 7, 2022, it assigned its rights in this litigation to Jefferson. [ECF 15] at 1. Jefferson is the sole member of BRJ Holdings, LLC, which, in turn, was the sole member of CBL. [ECF 17] at 3. CBL also explained that a check from BRJ Holdings was the source of the payment of the disputed taxes. *Id*.; [ECF 17-1]. The parties further developed their arguments on substitution at a conference on April 25, 2023, and the Court permitted supplemental filings on the issue of substitution. CBL filed its brief on April 28, 2023, noting that BRJ Holdings had transferred its interest in CBL to another entity in November 2022. [ECF 35] at 1. CBL then suggested that rather than substitute a party, Jefferson and/or BRJ Holdings could be joined as additional party plaintiffs. *Id.* at 3. The GVI filed its supplemental brief on May 5, 2023 [ECF 36], and on that same date, filed the current motion to disqualify.[3]

The Court construes the GVI's argument in support of disqualification as follows. The GVI points out that by virtue of paying CBL's tax obligation, BRJ Holdings obtained a statutory lien against the Property. [ECF 37] at 4. It argues that with the sale of CBL (which owns the Property) to an unrelated entity, the rights of Jefferson, BRJ Holdings, and CBL are no longer "aligned." *Id.* at 5. Consequently, contends the GVI, CBL may argue the assignment is invalid, or that Jefferson's and CBL's interests may conflict with respect to how hard each might advocate for prospective relief as to future assessments on the Property. *Id.* at 5. The GVI thus concludes the concurrent representation by Attorney Sheesley of CBL and Jefferson now raises a conflict and violates Virgin Islands Supreme Court Rules 211.1.7(a) and 211.1.6(a)(1). *Id.* at 5–6.

---

[3] The motion to substitute ultimately was denied without prejudice on procedural grounds. [ECF 80].

Case: 3:22-cv-00015-RAM-RM   Document #: 83   Filed: 10/11/23   Page 3 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 3

In opposition, CBL challenges the GVI's standing, as a nonclient, to raise the issue of conflict. [ECF 42] at 3–6. Next, CBL argues that the GVI waited too long after learning of any potential conflict to file the motion to disqualify. *Id.* at 6–8. Third, CBL contends the GVI cannot meet the "heavy burden" of showing disqualification is warranted. *Id.* at 9–10. Fourth, CBL argues the GVI cited to the incorrect rules governing ethics issues in federal court. *Id.* at 10–11. Moreover, the government still cannot show disqualification is warranted under the applicable rules. *Id.* at 11–14. Finally, CBL complains that the GVI failed to comply with the local rule governing the filing of a motion separate from a memorandum in support of the motion. *Id.* at 15–16.

In reply, the GVI first acknowledges it relied on the incorrect ethical rules but urges it should make no difference to the merits of the motion. [ECF 43] at 1–2. Defendants next argue they have standing to raise the issue of conflict because the ethical breach involved here "so infects the litigation that it impacts the moving party's interest in a just and lawful determination of his claims." *Id.* at 2 (quoting *Kragel v V.I. Water & Power Auth.*, 2022 U.S. Dist. LEXIS 230474, *6 (D.V.I. Dec. 22, 2022). The GVI contends that the conflict could affect the finality of any judgment entered in this case, because either Jefferson or CBL, depending on the outcome, could later argue their respective interests were not fairly represented. *Id.* at 3–4. Finally, the GVI disputes that it violated LRCi 7.1(c)(1). *Id.* at 4.

## II.     LEGAL STANDARDS

"The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings and the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." *McKenzie Constr. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859 (D.V.I. 1997). "The district court's power to disqualify an attorney derives from

Case: 3:22-cv-00015-RAM-RM Document #: 83 Filed: 10/11/23 Page 4 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 4

its inherent authority to supervise the professional conduct of attorneys appearing before it." *De La Cruz v. V.I. Water & Power Auth,* 2014 U.S. App. LEXIS 24561, *9 (3d Cir. Dec. 30, 2014) (quoting *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)). "Courts are required to 'preserve a balance, delicate though it may be, between an individual's right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility.'" *Gordon v. Bechtel Int'l*, 2001 U.S. Dist. LEXIS 22432, at *15 (D.V.I. Dec. 28, 2001) (citation omitted).

In the District Court of the Virgin Islands, the ABA Model Rules of Professional Conduct ("MRPC") govern the professional responsibilities of practicing attorneys. *See* LRCi 83.2(a)(1); *VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d 717, 719 (D.V.I. 2002). Even if a court finds that counsel violated the MRPC, however, "disqualification is never automatic." *Brice v. Hess Oil Virgin Islands Corp.*, 769 F. Supp. 193, 195 (D.V.I. 1990) (quoting *Miller*, 624 F.2d at 1201). Rather, a "court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *Id.* (quoting *Miller*, 624 F.2d at 1201); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994) ("a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers"). In making this determination, a court should balance the following factors: (1) "[t]he interest of a client in the continued loyalty of his attorney"; (2) "the opposing litigant's interest in retaining his chosen counsel"; (3) prejudice to the opposing litigant in terms of "time and expense required to familiarize a new attorney with the matter"; and (4) "the policy that attorneys be free to practice without excessive restrictions." *Brice*, 769 F. Supp. at 195; *see also Pepper v. Little Switz. Holdings, Inc.*, 2005 U.S. Dist. LEXIS 14453, *5–6 (D.V.I. July 6, 2005).

Case: 3:22-cv-00015-RAM-RM   Document #: 83   Filed: 10/11/23   Page 5 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 5

"Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (internal quotation marks and citations omitted); *accord Prosser v. Nat'l Rural Utilities Co-op. Fin. Corp.*, 2009 WL 1605637, at *2 (D.V.I. June 8, 2009); *see also Hamilton v. Dowson Holding Co.*, 2009 WL 2026327, at *3 (D.V.I. July 2, 2009) ("Because disqualification is a severe remedy, the courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their uses as a dilatory tactic."), *aff'd*, 455 F. App'x 228 (3d Cir. 2011). "Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and must meet a high standard of proof before a lawyer is disqualified." *Alexander*, 822 F. Supp. at 1114 (internal quotation marks and citations omitted). "Vague and unsupported allegations are not sufficient to meet this standard." *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994). "Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules, and mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice . . . ." *Hamilton*, 2009 WL 2026327, at *3.

Courts in this Circuit have observed "[t]he Third Circuit has not definitively resolved whether a party who is not a client or former client has standing to seek opposing counsel's disqualification," and viewpoints differ. *See Tibbott v. N. Cambria Sch. Dist.*, 2017 WL 2570904, at *2–4 (W.D. Pa. June 13, 2017) (collecting cases). When a nonclient party "seeks disqualification of opposing counsel [based on] an alleged conflict of interest between opposing counsel and his client, that party lacks standing unless he can show 'an ethical breach that so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of

Case: 3:22-cv-00015-RAM-RM   Document #: 83   Filed: 10/11/23   Page 6 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 6

h[is] claims.'"  *Nicholas v. Grapetree Shores, Inc.*, 2013 WL 1196960, at *7 (D.V.I. Mar. 22, 2013) (omission in original) (quoting *Prosser*, 2009 WL 1605637, at *3); *see also Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990) (nonclient party has standing to enforce Rule 1.7(a) if he can show how opposing counsel's conflict prejudiced his rights).

In addition, "[c]ourts have held that a party may waive its objection to a conflict of interest by failing to file timely a motion to disqualify."  *Cubica Grp., LLLP v. Mapfre Puerto Rican Am. Ins. Co. (MAPFRE)*, 2012 WL 5331257, at *4 (D.V.I. Oct. 29, 2012); *Alexander*, 822 F. Supp. at 1115 ("Waiver is a valid basis for the denial of a motion to disqualify.").

> In determining whether the moving party has waived its right to object to the opposing party's counsel, the following factors should be considered: "(1) the length of the delay in bringing the motion to disqualify, (2) when the movant learned of the conflict, (3) whether the movant was represented by counsel during the delay, (4) why the delay occurred and (5) whether disqualification would result in prejudice to the non-moving party."

*Cubica Grp.*, 2012 WL 5331257, at *4 (quoting *Alexander*, 822 F. Supp. at 1115); *see also* Restatement (Third) of the Law Governing Lawyers § 6 cmt. i ("If a present or former client with knowledge of the conflict fails to take reasonably prompt steps to object or to seek a remedy, disqualification may be precluded.").  "The essence of this analysis is whether the party seeking disqualification appears to use the disqualification motion as a tactical maneuver." *Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 229–30 (D.N.J. 2001); *see also Jackson v. J. C. Penney Co.*, 521 F. Supp. 1032, 1034–35 (N.D. Ga. 1981) ("A litigant may not delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of the case has been completed.").

Model Rule 1.7 concerns conflicts that arise because of duties owed to current clients, and prohibits representation of a client where there is a "concurrent conflict of interest."

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 7

> A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

MRPC 1.7(a). "Direct adversity requires a conflict as to the legal rights and duties of the clients, not merely conflicting economic interests." ABA Comm. on Ethics & Pro. Resp., Formal Op. 05-434 (2004). To determine material limitation under the second prong, "the critical consideration is the likelihood that a difference in the attorney's and client's interests will occur, and, if it does, whether the difference will significantly interfere with the attorney's independent professional judgment or prevent courses of action that reasonably should be pursued on the client's behalf." *Todman v. Johnson*, 2022 WL 3722457, *4 (V.I. Super. Ct. June 9, 2022).[4] The Rule further provides that, notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

---

[4] *Todman* discusses the Virgin Islands Rules of Professional Conduct, which "are substantively identical to the ABA rules." 2022 WL 3722457, at *3 n.25; *compare* V.I. S. Ct. R. 211.1.7, *with* MRPC 1.7.

MRPC 1.7(b).  The Model Rules define "informed consent" as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct."  MRPC 1.0(e).  The comments to the Model Rules provide:

> Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.
>
> * * *
>
> The conflict in effect forecloses alternatives that would otherwise be available to the client.  The mere possibility of subsequent harm does not itself require disclosure and consent.  The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

MRPC 1.7 cmt. 8; *see also Denero v. Palm Horizons Mgmt., Inc.*, 2015 WL 5012126, *6 (D.V.I. Aug. 21, 2015).

Finally, the Model Rules require an attorney to withdraw where continued representation would result in an ethical violation.  MRPC 1.16(a)(1).

### III.   DISCUSSION

As an initial matter, the Court notes that defendants' motion is subject to denial for the procedural deficiency identified in plaintiff's opposition: the government allegedly failed to comply with LRCi 7.1(c), which requires a motion stating the requested relief to be filed separately from a supporting memorandum.[5]  "It is beyond question that the District Court has the authority

---

[5]  Local Rule of Civil Procedure 7.1(c) provides for two separate documents to be submitted unless a combined document would not exceed five pages.  LRCi 7.1(c)(1).  Subpart (c)(4) of that same Rule provides for a page limit

Case: 3:22-cv-00015-RAM-RM Document #: 83 Filed: 10/11/23 Page 9 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 9

to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018). Additionally, the government cites only to the Virgin Islands Supreme Court Rules as a basis for the relief requested, but it is the ABA Model Rules of Professional Conduct that govern in this case. LRCi 83.2(a)(1); *Smith v. Kenny*, 16 V.I. 411, 413 (D.V.I. 1979); *Gov't Employees' Ret. Sys. of Virgin Islands v. Callwood*, 2020 WL 1979332, at *2 (D.V.I. Apr. 24, 2020). The Court would be well within its discretion to deny the motion for these reasons alone. However, in the interests of resolving issues on the merits, the Court will construe defendants' motion as seeking relief under the appropriate rules.

A. **Whether the Motion is Timely**

The government argues that BRJ Holdings' divesting of its interest in CBL in November 2022 gave rise to the potential for conflicts to materialize here. [ECF 37] at 5–6. CBL then contends that because the disqualification motion was filed almost six months later, the GVI is seeking a tactical advantage by unduly delaying filing the motion. [ECF 42] at 6–8. The Court need not even evaluate the delay factors discussed in *Cubica Group*, however, because it was only by virtue of CBL's April 28, 2023, submission on the substitution motion that it was confirmed to the defendants and the Court that BRJ Holdings had transferred its interest in CBL—and thus in the Property—to another entity. [ECF 35] at 1. The GVI filed the motion to disqualify one week later. Under these circumstances the Court finds the motion is timely.

---

for filed documents that "applies only to the substantive portion of the filing," and does not count the case caption, certificate of service or signature block as part of that substantive portion. Here, the "substantive portion" of the motion in fact covers only five pages once the other items are excluded, and the motion therefore arguably complies with the Local Rule. In any event, the raising of an objection such as this wastes precious time and resources of the parties and the Court and represents petty quibbling at its worst.

### B. Whether the GVI has Standing

The defendants, as nonclients, contend they have standing to raise Attorney Sheesley's conflict of interest because the ethical breach alleged here "so infects the litigation" that it impacts the GVI's interest. [ECF 43] at 2 (quoting *Kragel*, 2022 U.S. Dist. LEXIS 230474, at *27). While most of their arguments appear to go to issues that only affect the interests of Attorney Sheesley's clients *viz*. one another, the GVI claims the breach could affect the finality or enforceability of any judgment entered in its favor. The government posits that if Jefferson or CBL obtained independent counsel, "either party could reasonably argue that their interests were not fairly represented," and therefore could move to vacate a judgment or bring a second action. *Id*. at 3–4.[6] The GVI does not explain, however, by what mechanism either Jefferson or CBL could challenge an order to refund or not to refund the taxes previously paid due to some claimed unfair representation by plaintiff's counsel. It seems to this Court that if such a situation arose, Attorney Sheesley's clients might have a cause of action against him, but not against the GVI. Recognizing that nonclients by and large have no standing to complain of conflicts between opposing parties and the opposing parties' counsel, this Court is hard-pressed to find standing in the GVI here. That is not to say, however, that the Court could not address such a perceived conflict on its own. *See, e.g.*, *Denero*, 2015 WL 5012126. That being the case, the Court will turn to the final—and most significant—issue: the existence or nonexistence of a disqualifying conflict.

### C. Whether There Exists a Disqualifying Conflict

There is no dispute that Attorney Sheesley represents CBL in this litigation, and currently also represents Brett Jefferson, who is not a party to this litigation. In such circumstances, there

---

[6] The government's argument on this point appears to be at least partially based on the prospective relief claims that have since been dropped.

Case: 3:22-cv-00015-RAM-RM   Document #: 83   Filed: 10/11/23   Page 11 of 12

Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.
Civil No. 2022-15
Page 11

is no conflict present that is prohibited under MRPC 1.7(a)(1), since the parties are not directly adverse to one another.

Thus, the Court must then ask whether "there is a significant risk" that the representation of CBL will be materially limited by Attorney Sheesley's responsibilities to Jefferson. MRPC 1.7(a)(2). It is hard to imagine a scenario where this would occur, and the GVI does not describe one, except with a vague reference to a claim for prospective relief that CBL has already abandoned. CBL is seeking a refund of taxes paid to the GVI. Attorney Sheesley's responsibilities to Jefferson, or his company BRJ Holdings, could not credibly be argued to stand in the way of CBL's goal. Where BRJ Holdings has a lien against CBL's Property for the repayment of those taxes, and where Jefferson by extension has an interest in those funds, it is in all of their interest to obtain that refund so they can sort it out among themselves.

Moreover, even if there is a concurrent conflict under MRPC 1.7(a), a lawyer can continue to represent a client if the four criteria under MRPC 1.7(b) are met. Unfortunately, CBL never directly addresses whether a concurrent conflict exists and if so, whether MRPC 1.7(b) applies.[7] The Court is thus left to piece together parts of the record to determine if Attorney Sheesley may continue as counsel for CBL. When the parties were before the Court in June of 2023, Attorney Sheesley demonstrated that he believed he could represent CBL and Jefferson competently and diligently. He explained the purposes of the various transactions between Jefferson, BRJ Holdings, and CBL, and identified an independent counsel who acted for CBL and its current owner. Further, the representation here certainly is not prohibited by law, nor does it involve a

---

[7] When permitted to make additional submissions on the disqualification motion, CBL sought and was granted leave to make an *ex parte* filing. [ECFs 48, 49, 50]. This submission appears to support that the affected clients gave written informed consent as required under MRPC 1.7(b)(4).

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Civil No. 2022-15
Page 12

claim by one of Attorney Sheesley's clients against another in any judicial proceeding. Given these circumstances, and the vague allegations of conflict the GVI asserts, the Court must find that GVI has not met its high burden to demonstrate a disqualifying conflict, or to warrant a disruption in the current representation of CBL by Attorney Sheesley.

## IV.  CONCLUSION

Accordingly, the premises considered, it is

**ORDERED** that the defendants' motion to disqualify plaintiff's counsel is **DENIED**; it is further

**ORDERED** that the motion to stay [ECF 45] is **MOOT**.

Dated: October 11, 2023                       S_____
                                              **RUTH MILLER**
                                              United States Magistrate Judge