IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CASA BELLA LUNA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-0015 |
| | ) | |
| THE GOVERNMENT OF THE U.S. VIRGIN | ) | |
| ISLANDS, and IRA MILLS in his position as the | ) | |
| VIRGIN ISLANDS TAX ASSESSOR, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

MICHAEL L. SHEESLEY, ESQ.
Michael L. Sheesley LLC
San Juan, PR
        *For Plaintiff Casa Bella Luna, LLC*

JULIE ANNE BEBERMAN, ESQ.
ARIEL MARIE SMITH-FRANCOIS, ESQ.
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
        *For the Defendants Government of the Virgin Islands and Ira Mills, in his position as
        the Virgin Islands Tax Assessor*

## MEMORANDUM OPINION

**MOLLOY, *Chief Judge.***

    Before the Court is the Government of the U.S. Virgin Islands and Ira Mills, Tax
Assessor for the U.S. Virgin Islands' (collectively, "GVI" or "government") motion to dismiss
plaintiff Casa Bella Luna, LLC's ("CBL") First Amended Complaint ("FAC"). [ECF 88]. Also
before the Court is the government's motion for summary judgment [ECF 115], and CBL's
motion for partial summary judgment [ECF 120]. For the reasons set forth below, the Court
will dismiss this matter.

## I.    BACKGROUND

    CBL sued defendants for violation of its constitutional rights, claiming the
government unlawfully retroactively changed property tax assessments for prior tax years

and conducted a deficient appeals process, with respect to property CBL owns on St. John (the "Property"). [ECF 76] at 1–2.[1] Plaintiff alleges it paid the taxes as assessed, and requests that the Court order defendants to refund CBL the taxes paid in excess of the original bills.[2]

CBL filed its initial complaint on March 14, 2022, asserting jurisdiction based on 28 U.S.C. §§ 1331, 1367, and 2201. [ECF 1] ¶ 4. The government moved to dismiss based on a pending parallel action in the Superior Court of the U.S. Virgin Islands, or, alternatively, lack of subject matter jurisdiction. [ECF 12] at 1–2. In denying that motion, the Court found that CBL had pled sufficient facts to establish this Court's subject matter jurisdiction, reasoning: "The complaint expressly relies on federal law by invoking the Fifth and Fourteenth Amendments to the U.S. Constitution and alleging equal protection and due process claims." [ECF 22] at 14; *see* [ECF 24] (Order adopting report and recommendation). The Court further determined that because the complaint sufficiently pled federal question jurisdiction, supplemental jurisdiction over any state law claims was also proper. [ECF 22] at 15. Additionally, the Court rejected defendants' argument for abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), finding the federal and territorial actions were not parallel proceedings because only the federal suit sought injunctive relief, and only the federal suit alleged federal constitutional claims. [ECF 22] at 17–18.[3, 4] Finally, the Court observed in a footnote that issues regarding the applicability of the Tax Injunction Act ("TIA") and tax comity doctrine were likely relevant to this action, but those arguments were not raised by the parties. *Id.* at 11 n.9.

Following other motion practice, CBL sought leave to amend its complaint to remove

---

[1] The Court writes for the parties and therefore sets forth only those facts necessary to the resolution of the instant motions. For a more complete description of the factual background, see [ECF 22] (Report and Recommendation).

[2] CBL initially sought, in addition to the refund, certain prospective relief. [ECF 1] at 18. The FAC no longer seeks any prospective relief. *See* [ECF 76] at 17.

[3] The Court noted, however, that both suits brought similar counts, and that it was not necessarily determinative to parallelism that the Superior Court petition did not explicitly assert federal constitutional claims. *See* [ECF 22] at 17, n.16.

[4] The Court further found that even if parallelism existed, there were no exceptional circumstances meriting abstention. [ECF 22] at 19–24.

its claims for injunctive relief and to clarify the statutory authority under which it seeks a tax refund. [ECF 63]. The government opposed based on futility and directed its arguments to the merits of CBL's claims. [ECF 68]. The Court found this unpersuasive, noting that the gist of CBL's claims remained the same and the government could not "attack the merits of a claim asserted in the original complaint under the guise of opposing a motion to amend on futility grounds." [ECF 74] at 4. The Court thus granted plaintiff's motion [ECF 74], and CBL filed its FAC on September 22, 2023. [ECF 76].

As in the original complaint, the amended complaint asserts jurisdiction based on 28 U.S.C. §§ 1331, 1367, and 2201. [ECF 76] ⁋ 4. The FAC alleges defendants' actions circumvented due process by: (1) failing to give CBL timely notice of the reassessments, violating 33 V.I.C. § 2412(1) and denying it a proper opportunity to be heard (Count 1); (2) failing to have a properly constituted Board of Tax Review ("BOTR"), violating 33 V.I.C. § 180 and depriving CBL of a proper opportunity to appeal the tax assessments and its right to an unbiased tribunal (Count 2); and (3) failing to conduct a timely and proper hearing, violating 33 V.I.C. § 2452 and the BOTR Rules and Regulations, and depriving CBL of its rights to cross examine adverse witnesses, to obtain a copy of the transcript, and to a neutral and impartial BOTR (Count 3). *Id.* ⁋⁋ 78–79, 82–84, 87–91, 94–98, 101–02. CBL also alleges defendants' actions violated equal protection by treating other U.S. Virgin Islands taxpayers differently (Count 5). *Id.* ⁋⁋ 114–16; *see also* ⁋⁋ 53–63 (describing other properties that the Virgin Islands Tax Assessor's Office ("TAO") has not issued reassessments for). CBL further alleges that the TAO is estopped from issuing supplemental bills based on CBL's justifiable and reasonable reliance on the original bills, and its payment of those bills (Count 4). *Id.* ⁋ 111. Finally, CBL brings an action for refund, requesting that the Court (1) determine the 2017–2021 supplemental bills were wrongfully collected and CBL was wrongfully required to pay them, and (2) order defendants to refund to CBL the taxes paid in excess of the original bills (Count 6). *Id.* ⁋⁋ 119–20. Plaintiff requests that the Court enter judgment against defendants and order defendants to refund to CBL the taxes paid in excess of the original bills for tax years 2017–2020. *Id.* at 17.

On October 13, 2023, the government moved to dismiss based on the tax comity

doctrine, for failure to state a claim, and for lack of subject matter jurisdiction. [ECF 88]. Defendants first contend that dismissal is warranted under the tax comity doctrine because, as a basis for its tax refund claim, CBL necessarily seeks equitable relief in the form of a declaration that defendants violated its equal protection and due process rights. [ECF 88-1] at 8; [ECF 99] at 2–3. Defendants next argue for dismissal under Rule 12(b)(6) for several reasons. First, defendants contend that CBL may only bring its constitutional claims under 42 U.S.C. § 1983, and that to the extent CBL rejects its claims as being characterized as such, the claims must be dismissed for failure to state a claim. [ECF 88-1] at 8. Second, defendants urge that CBL fails to allege a cognizable, plausible equal protection violation. *Id.* at 9–12. Third, defendants claim that the Tax Assessor cannot be estopped from performing his statutory obligation, and that CBL also has not alleged the necessary elements of an estoppel claim. *Id.* at 14. Fourth, defendants argue the FAC fails to state a due process violation because the Virgin Islands statutes at issue here involve directory, rather than mandatory, provisions, and because CBL fails to allege the required harm. *Id.* at 14–17. Finally, defendants maintain that to the extent CBL seeks only a tax refund under territorial law, there is no federal subject matter jurisdiction, and the Court must dismiss under Rule 12(b)(1). *Id.* at 18.

In opposition, plaintiff first urges the Court to strike defendants' motion as an impermissible "second bite at the apple" because any arguments not raised in the first motion to dismiss are now waived. [ECF 96] at 2.[5] CBL next argues that whether or not its claims are brought under § 1983 is immaterial because it seeks legal, not equitable, relief. *Id.* at 3–4. CBL further disputes that equal protection and due process claims must be brought under § 1983 and contends defendants' citations are distinguishable. *Id.* at 4–6. Additionally, the Court already found sufficient basis to exercise jurisdiction over its claims. *Id.* at 7. Next, CBL contends it adequately plead claims for equal protection and estoppel. *Id.* at 7, 9. Lastly, CBL addresses its due process claims, contending defendants' "escaped assessment" argument is meritless and that the statutory language at issue here is mandatory, not

---

[5] CBL also argued the motion should be struck as untimely; however, the Court subsequently granted an extension of the deadline. *See* [ECF 96] at 1; [ECF 105].

permissive. *Id.* at 8–10. Moreover, these issues need not be resolved at the 12(b)(6) stage and are more properly raised on summary judgment. *Id.*

Following the briefing on defendants' motion to dismiss, the parties each filed motions for summary judgment. The government seeks judgment in its favor as to the equal protection, due process, and estoppel claims, and seeks dismissal without prejudice as to the territorial tax refund claim. [ECFs 115 & 116]. Plaintiff seeks partial summary judgment on all counts, excluding its equal protection claim. [ECF 120 & 122].

## II.     LEGAL STANDARD

### A.  Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, for . . . [w]ithout jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal quotations and citations omitted); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case . . . ."). Federal courts thus have an absolute duty to verify subject matter jurisdiction if it is in doubt, and must dismiss an action where jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ruhrgas AG*, 526 U.S. at 577; *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003); *see also In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (under Rule 12(b)(1) "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim"); *see generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (federal courts are vested with inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citation omitted)).

### B.  The Tax Injunction Act and Comity Doctrine

The Tax Injunction Act ("TIA") precludes district court jurisdiction over actions to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.

§ 1341. The Supreme Court has held that the TIA also bars courts from awarding declaratory relief, but it has not addressed whether it similarly precludes damage awards. *See California v. Grace Brethren Church*, 457 U.S. 393, 408–11 (1982). The Supreme Court has further held that a district court action cannot be understood as prohibited under the TIA as one that "'restrain[s]' the 'assessment, levy or collection' of a state tax if it merely inhibits those activities." *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 14 (2015). Rather, the question is whether the relief sought "to some degree stops 'assessment, levy or collection'" of taxes. *Id.*

"Unlike the TIA, the comity doctrine is nonjurisdictional." *Direct Mktg.*, 575 U.S. at 15. Rather, "[t]he comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). "The doctrine reflects 'a proper respect for state functions . . . and . . . the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'" *Id.* (citation omitted). Relevant to the instant case, "the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration," *id.* at 417, and thus directs the federal courts to refrain from "interfer[ing] . . . with the fiscal operations of the state governments . . . in all cases where the Federal rights of the persons could otherwise be preserved unimpaired." *Id.* at 422 (citation omitted). As such, "under principles of comity, deference should be given to state courts to remedy constitutional violations arising from state revenue-raising laws if adequate state remedies exist." *Z & R Cab, LLC v. Philadelphia Parking Auth.*, 616 F. App'x 527, 530–31 (3d Cir. 2015) (remanding to district court to determine whether comity should be invoked in action seeking refund of unconstitutional state fees).

While applicability of the TIA to the territory remains an open question,[6] the Third

---

[6] In *Pan American*, the Third Circuit found that the express terms of the TIA precluded its application to the Territory. *Pan Am. World Airways, Inc. v. Duly Authorized Gov't of Virgin Islands*, 459 F.2d 387, 390–91 (3d Cir. 1972). The Third Circuit reiterated this holding in a recent unpublished opinion, pointing out that the Virgin Islands is not a "state" and that "[n]othing in the past half-century has disturbed *Pan American's* status as governing law." *Am. Resort Dev. Ass'n v. Gov't of the Virgin Islands*, 848 F. App'x 79, 81 (3d Cir. 2021) (observing that Congress explicitly extended the TIA to Puerto Rico, and declining "to extend the TIA to the Virgin Islands by mere implication"). In *35 Acres Associates*, the Court acknowledged that the District Court of the Virgin Islands "is not a district court, as that term is used in the Tax Injunction Act," and that "this Court has the nature

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Case No. 3:22-cv-0015
Memorandum Opinion
Page **7** of **20**

Circuit recently affirmed, in line with previous district court opinions, "that the tax comity doctrine generally applies to the Virgin Islands." *Apex Constr. Co., Inc. v. United States Virgin Islands*, 2023 WL 5287668, at *1 (3d Cir. Aug. 17, 2023); *see Great Bay*, 2018 WL 4690372, at *12 (concluding tax comity doctrine applies to the Virgin Islands when a federal court is faced with a challenge to a territorial tax law). Accordingly, this Court need not determine whether the TIA applies to the Virgin Islands if the tax comity doctrine applies with equal force to the claims in this case. *Great Bay*, 2018 WL 4690372, at *10. Indeed, while the TIA precludes district court jurisdiction where "a plain, speedy and efficient remedy may be had in the courts of such State," 28 U.S.C. § 1341, the tax comity doctrine precludes a plaintiff from seeking relief in this Court when "a plain, adequate, and complete remedy" is available in the local courts. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116, n.8 (1981) (there is "no significant difference . . . between remedies which are 'plain, adequate, and complete' . . . and those which are 'plain, speedy, and efficient'").

## C. Federal Rule of Civil Procedure 12(b)(6)

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must, under Federal Rule of Civil Procedure 8(a)(2), contain "a short and plain statement of the claim

---

and classification of a territorial and not a federal court." *35 Acres Assocs. v. Adams*, 962 F. Supp. 687, 690 (D.V.I. 1997). The Court found, however, that the applicability of the TIA "does not depend upon the federal nature or classification of the court, . . . but on whether the court possesses the judicial authority or jurisdiction of a district court." *Id.* The Court reasoned:

> Congress has given this Court the judicial authority and jurisdiction of a district court of the United States. Since the Tax Injunction Act is a further restriction on the already limited subject matter jurisdiction of district courts of the United States, it similarly restricts the subject matter jurisdiction of this Court. Neither side has suggested that the Government of the Virgin Islands does not possess sufficient attributes of the sovereignty of a State to require the application of the principles of comity and federalism underlying the Tax Injunction Act. Therefore, this Court may not hear a case which will necessarily involve or interfere with the Government's administration of its tax code.

*Id.* (internal citations omitted). More recently, in considering "the evolving legal landscape regarding the TIA in the Virgin Islands," this Court in *Great Bay* concluded "it is arguable that the TIA now applies in the Virgin Islands," but ultimately declined to decide the issue. *Great Bay Condo. Owners Ass'n, Inc. v. Gov't of Virgin Islands*, 2018 WL 4690372, at *9–10 (D.V.I. Sept. 28, 2018) (stating "the Court need not resolve this issue if the tax comity doctrine applies with equal force to the claims in this case").

showing that the pleader is entitled to relief." However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In deciding a Rule 12(b)(6) motion, the court accepts as true all well-pled allegations in the complaint and views them in the light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, a court need not "accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). The court's focus is simply whether the challenged claims should be allowed to move forward, not whether the plaintiff will ultimately prevail on his claims. *See Twombly*, 550 U.S. at 563 n.8.

Finally, in conducting this analysis, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, undisputedly authentic documents upon which the claims are based, and items subject to judicial notice. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (In evaluating a Rule 12(b)(6) motion to dismiss, the court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (alteration in original) (citation omitted)).

## III.    DISCUSSION

### A.  Rule 12(g)(2)

As an initial matter, the Court notes that Federal Rule of Civil Procedure 12(g)(2) generally bars a party from filing a successive Rule 12 motion "raising a defense or objection that was available to the party but omitted from its earlier motion." While the purpose of this rule is "to eliminate unnecessary delay at the pleading stage," courts have discretion to consider such otherwise procedurally-barred motions in the interest of judicial economy. *Hazzouri v. W. Pittston Borough*, 416 F. Supp. 3d 405, 413 (M.D. Pa. 2019) (citation omitted)

(preventing defendant from bringing successive motion would only lead to defendant later moving for judgment on the pleadings on same basis, thereby causing further delay in the case); *see also McGoveran v. Amazon Web Servs., Inc.*, 2023 WL 2683553, at *5 (D. Del. Mar. 29, 2023) (declining to find argument waived under Rule 12(g)(2), noting defendant could still raise it at later time pursuant to Rule 12(h)(2), thus "waiting to address this argument would serve no purpose"). Here, defendants previously moved to dismiss the complaint based on a pending parallel proceeding and for lack of subject matter jurisdiction. Defendants now move to dismiss the FAC based on the tax comity doctrine and for failure to state a claim—arguments that were available to defendants previously and which they could have, but did not, raise in their first motion to dismiss.[7] Defendants point out that if the Court did strike the instant motion, they would seek dismissal on the same grounds under Rule 12(c). *See* [ECF 99] at 16. Accordingly, the Court determines in its discretion that it is appropriate to consider defendants' arguments on the merits. *See Hazzouri*, 416 F. Supp. 3d at 413 (even though "a technical reading of Rule 12(g)" would bar defendant's successive motion to dismiss, denying it on this basis would not serve "the interest of judicial expediency and economy"); *see also Great Bay*, 2018 WL 4690372, at *4 (court may raise issue of tax comity doctrine *sua sponte*).

## B. Tax Comity Doctrine

The Court concludes that it should refrain from adjudicating this case under principles of comity and will therefore dismiss this action.[8]

---

[7] As the Court stated in its Order granting plaintiff's motion to amend, the FAC made small changes to the language and deleted plaintiff's request for injunctive relief, "but the gist of the claims remain the same." [ECF 74] at 4. Additionally, the Court notes that while it was not clear whether the tax comity doctrine applied in the Virgin Islands at the time defendants filed their first motion to dismiss on June 9, 2022, defendants were also not prevented from making a comity argument at that time. *See Apex Constr.*, 2023 WL 5287668, at *1 (agreeing with the District Court that "the tax comity doctrine generally applies to the Virgin Islands").

[8] Had this matter been filed in one of the fifty states rather than the territory, the TIA would preclude federal court jurisdiction over this state tax refund action. *See, e.g., Coleman v. Campbell Cnty. Libr. Bd. of Trustees*, 901 F. Supp. 2d 925, 929 (E.D. Ky. 2012) ("it is generally recognized that federal suits for state tax refunds are [] barred by the Act" (collecting cases)). However, because the Court finds that the tax comity doctrine justifies dismissal here, the Court need not determine the TIA's application to the territory. *See Levin*, 560 U.S. at 432 (where court concludes comity doctrine justifies dismissal, court "need not decide whether the TIA would itself block the suit") (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943) (reserving judgment on TIA's application where comity precluded suit) and *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549

When a plaintiff challenges a state tax, principles of comity prevent district courts from granting injunctive or declaratory relief or awarding damages when the state provides remedies that are "plain, adequate, and complete." *Fair Assessment*, 454 U.S. at 116 (damages); *Great Lakes*, 319 U.S. at 297–302 (federal courts may not render declaratory judgments as to the constitutionality of state tax laws); *Matthews v. Rodgers*, 284 U.S. 521, 525–26 (1932) (injunctive relief); *see also Nat'l Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 588 (1995) (federal courts may not award damages or declaratory or injunctive relief under § 1983 in state tax cases).

In *Fair Assessment*, taxpayers sued county and state tax officials under § 1983, claiming defendants deprived them of equal protection and due process of law by unequal taxation of real property, and seeking actual damages in the amount of the overassessments. The Supreme Court determined that the principle of comity bars federal courts from granting damages in taxpayer suits alleging unconstitutional administration of a state tax system. *Fair Assessment*, 454 U.S. at 107. In reaching its conclusion, the Court rejected defendants' argument that "damages actions are inherently less disruptive of state tax systems than injunctions or declaratory judgments." *Id.* at 113. The Court reasoned:

> Petitioners will not recover damages under § 1983 unless a district court first determines that respondents' administration of the County tax system violated petitioners' constitutional rights. In effect, the district court must first enter a declaratory judgment like that barred in *Great Lakes*. We are convinced that such a determination would be fully as intrusive as the equitable actions that are barred by principles of comity.
>
> . . .
>
> And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to "[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts."

---

U.S. 422, 431 (2007) (federal court has flexibility to choose among threshold grounds for dismissal)); *Fair Assessment*, 454 U.S. at 107 (where Court determined that principle of comity barred federal courts from granting damages in civil rights suit by state taxpayers alleging unconstitutional administration of state tax system, Court need not decide whether TIA, standing alone, would require same result).

*Id.* at 113, 115–16 (quoting *Matthews*, 284 U.S. at 525). The Court thus held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." *Id.* at 116. Instead, taxpayers alleging that their federal rights have been violated by state or local tax practices must first seek relief through the available state remedies, as long as those remedies are "plain, adequate, and complete." *Id.*[9]

Here, as in *Fair Assessment*, CBL has sued defendants for civil rights violations concerning the government's administration of its property tax system and seeks damages in the form of a refund for the taxes it paid in excess of the original bills. Given the relief sought—that the supplemental bills be declared invalid and that defendants be ordered to refund to CBL the taxes paid in excess of the original bills—the Court finds that "this action, if permitted to go forward, would heavily involve the federal courts in [Virgin Islands] tax matters." *Kerns v. Dukes*, 153 F.3d 96, 102 (3d Cir. 1998) (where property owners sought to recover assessments already paid and to enjoin future collection of assessments, "maintenance of this suit would impinge on exactly the state turf that Congress and the Court have sought to protect against federal judicial intrusion"); *see also Fair Assessment*, 454 U.S. at 108 n.6 (explaining reasons for federal-court deference in state tax cases and noting that "federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts" (citation omitted)). If CBL succeeded on its claims, the territory's ability to collect property taxes would be reduced, thus disrupting state tax administration. This action therefore falls within the scope of the tax comity doctrine.[10]

---

[9] As the Supreme Court discussed in later opinions, its decision in *Fair Assessment* was not about the scope of the comity doctrine itself, but rather drew on principles of comity and federalism to construe § 1983 narrowly. *Nat'l Priv. Truck Council, Inc.*, 515 U.S. at 589–90. The Court concluded that, in light of these principles, "Congress never authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishes an adequate legal remedy." *Id.* at 587. As Chief Justice Rehnquist later wrote, "Our decision that such suits must be brought in state court was driven by the unique and sensitive interests at stake when federal courts confront claims that States acted impermissibly in administering their own tax systems." *San Remo Hotel, L.P. v. San Francisco*, 545 U.S. 323, 350 (2005) (Rehnquist, C.J., concurring in the judgment).

[10] As one district court reasoned,

> The principles of abstention that were developed before enactment of the [TIA], and which bar suits for declaratory relief as well as equitable actions, are equally applicable to refund actions. The reasons for comity are no less

Further, CBL's claim for refund is premised on this Court first determining that the bills are invalid because they were issued and collected in violation of CBL's rights to due process and equal protection—in short, a declaration that the GVI violated CBL's constitutional rights. As such, whether CBL brings its claims under § 1983 or directly under the constitution, "the award of [] damages [here] would first require a federal-court declaration that [the government], in administering the state tax, violated [CBL's] constitutional rights." *Fair Assessment*, 454 U.S. at 106–07.[11] This is precisely the kind of intervention that the Supreme Court has cautioned against. *Id.* at 116. This matter thus falls squarely within *Fair Assessment's* rule because CBL challenges the application of a local tax on federal constitutional grounds. CBL's efforts to distinguish its case as one not barred by comity because it seeks legal, not equitable, relief, are not persuasive.[12] Accordingly, under

---

forceful merely because the form of the action is in the nature of a claim for damages. The subject of the action remains a state tax dispute between a taxpayer and the state.

*Kistner v. Milliken*, 432 F. Supp. 1001, 1005 (E.D. Mich. 1977) (internal citations omitted); *see id.* at 1004 n.4 (there is "no substantive distinction between an action 'to enjoin retention' of taxes and an action for the refund of taxes").

[11] Leaving aside the issue of whether CBL is permitted to bring its claims directly under the constitution, CBL here seeks damages to redress the allegedly unconstitutional administration of a state tax system—exactly the type of action that the Supreme Court in *Fair Assessment* held is barred by the principle of comity.

[12] CBL argues that it is immaterial whether, for purposes of comity, it brings its claims directly under the constitution or pursuant to § 1983 because it seeks legal, not equitable relief. CBL looks to the Third Circuit's opinion in *Apex Construction*, wherein the court stated that "the District Court should only abstain from deciding [] tax refund suits pursuant to the tax comity doctrine if the relief sought . . . is 'equitable or otherwise discretionary.'" 2023 WL 5287668, at *3. The *Apex Construction* court concluded that, "[b]ecause a tax refund is neither an equitable nor discretionary remedy, the District Court erred when it held that the tax comity doctrine applied to Appellants' tax refund suits and dismissed them on that basis." *Id.* at *4. In reaching this conclusion, the Third Circuit court focused on the Supreme Court's opinion in *Quackenbush*, wherein the Court stated that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Apex Constr.*, 2023 WL 5287668, at *2 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)). *Quackenbush* did not, however, overturn *Fair Assessment*. Rather, the *Quackenbush* court acknowledged its holding in *Fair Assessment* and emphasized that that case was primarily about the scope of § 1983. *Quackenbush*, 517 U.S. at 719. The Supreme Court explained:

To the extent *Fair Assessment* does apply abstention principles, its holding is very limited. The damages action in that case was based on the unconstitutional application of a state tax law, and the award of damages turned first on a declaration that the state tax was in fact unconstitutional. We therefore drew an analogy to *Huffman* and other cases in which we had

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Case No. 3:22-cv-0015
Memorandum Opinion
Page **13** of **20**

*Fair Assessment*, the Court must decline to hear this action because CBL's recovery of

---

> approved the application of abstention principles in declaratory judgment actions, and held that the federal court should decline to hear the action because "[t]he recovery of damages under the Civil Rights Act first requires a 'declaration' or determination of the unconstitutionality of a state tax scheme that would halt its operation."

*Id.* (quoting *Fair Assessment*, 454 U.S. at 115). The *Quackenbush* court thus distinguished *Fair Assessment* from other cases where the Supreme Court has "applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether." *Id.*

The *Quackenbush* court ultimately held that the district court lacked power to remand a common-law damages action under the *Burford* doctrine. *Id.* at 731. In reaching this conclusion, the Supreme Court specifically noted that, in reviewing only the remand order, it had "no occasion to resolve what additional authority to abstain might be provided under our decision in *Fair Assessment.*" *Id.* Thus, contrary to the Third Circuit's opinion in *Apex Construction*, *Quackenbush* left open the question of how abstention principles might be extended to grant federal courts power to dismiss other damages actions. *See id.* at 734 ("The traditional role of discretion in the exercise of equity jurisdiction makes abstention easiest to justify in cases where equitable relief is sought, but abstention, including dismissal, is a possibility that may yet be addressed in a suit for damages, if fundamental concerns of federalism require us to face the issue." (Kennedy, J., concurring)).

In short, *Quackenbush* instructs that the district courts should not dismiss or remand under the abstention doctrines a common-law action for damages. But the *Quackenbush* court made clear that it was not departing from its earlier holding in *Fair Assessment* that dismissal is appropriate where monetary damages are dependent upon declaratory relief as to the unconstitutionality of a state tax scheme.

Unlike *Quackenbush*, the instant case is not a common-law action for damages. Rather, like *Fair Assessment*, CBL's damages action is based on the territory's unconstitutional administration of its tax scheme, where the award of damages turns first on a declaration that the government violated CBL's constitutional rights. *See, e.g.*, *Faggiolo v. Borough of Ridley Park*, 2024 WL 3718177, at *5 (E.D. Pa. Aug. 8, 2024) (finding principle of comity applied to plaintiff's claims for damages under 42 U.S.C. §§ 1982, 1985, and 1986, reasoning that, as in *Fair Assessment*, awarding plaintiff damages under these statutes would require court to declare that defendants' administration of state tax scheme violated plaintiff's constitutional rights, which "would result in exactly the kind of judicial 'interference' with state taxation schemes the Supreme Court" cautioned against). This case is thus distinguishable from *Apex Construction*, where the appellate court found *Fair Assessment* and tax comity doctrine inapplicable because the appellants brought refund suits under Virgin Islands law rather than § 1983 damages actions. *See Apex Constr.*, 2023 WL 5287668, at *2. To the extent that CBL urges its case is more like *Apex Construction* because it seeks a tax refund under Virgin Islands law, the Court is not persuaded. As discussed further below, whether CBL is permitted to bring its Fourteenth Amendment claims directly under the constitution or whether the Court construes the claims as being brought pursuant to § 1983, the alleged constitutional violations provide the only basis for federal court jurisdiction here. 28 U.S.C. § 1331.

Finally, this Court observes that, despite its opinion in *Apex Construction*, the Third Circuit has repeatedly cited its prior decision in *Kerns*, wherein the court instructed that, taken together, the TIA and the principles of comity discussed by the Supreme Court in *Fair Assessment* "make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court." *Kerns*, 153 F.3d at 101; *see, e.g.*, *Shi v. McGeever*, 2024 WL 1462911, at *1 (3d Cir. Apr. 4, 2024) (quoting *Kerns*); *Bello v. Edgewater Park Sewerage Auth.*, 765 F. App'x 840, 843 (3d Cir. 2019) ("principles of comity [] bar actions seeking damages for the imposition of allegedly wrongful taxes").

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Case No. 3:22-cv-0015
Memorandum Opinion
Page **14** of **20**

damages in the form of a refund turns first on a declaration or determination that the government's application of the territory's tax laws as to CBL was in fact unconstitutional.[13]

Having determined that CBL's suit falls squarely within the rule of *Fair Assessment*, the Court must abstain from considering CBL's claims unless the available state remedies are not plain, adequate, and complete.

> "For a state remedy to be adequate, it must satisfy certain *procedural* criteria." "Thus, a state remedy will be sufficient if it provides the taxpayer with a full hearing and judicial determination at which [the taxpayer] may raise any and all constitutional objections." The Supreme Court clearly indicated in *Rosewell* that these requirements set very low thresholds and that substantive concerns cannot enter into the court's consideration of state remedies. "[T]he State remedy need not be the best or most convenient one," and the court accordingly may not evaluate the inconvenience to the plaintiff of relitigating a claim that was literally days from trial when th[e] motion [to dismiss] was made.

*Trading Co. of N. Am. v. Bristol Twp. Auth.*, 47 F. Supp. 2d 563, 572 (E.D. Pa. 1999) (internal citations omitted). "The 'critical criterion' as to the adequacy of the remedy available to taxpayers is 'not the relief which they can obtain' in state court proceedings, but 'whether [the state court] provides a forum for presentation of their claims.'" *Yu v. Gilmore*, 2024 WL 1191984, at *4 (D.N.J. Mar. 20, 2024) (quoting *Hardwick v. Cuomo*, 891 F.2d 1097, 1106 (3d Cir. 1989) (taxpayer must be afforded "the *procedural* right" to make claim challenging state

---

[13] While CBL is correct that § 1983 permits a plaintiff to bring an action at law for damages, that does not save its complaint here based on the express teachings of *Fair Assessment*:

> It is elementary that constitutional rights must be found to have been abridged in order for damages to be recovered in a civil rights action. Thus the plaintiffs in this action cannot recover damages without a determination by this court that the taxation of their Newbury property was effected in violation of their constitutional rights. If we were to make such a determination, we would, in effect, be issuing a declaratory judgment regarding the constitutionality of the tax levied on the plaintiffs. As the court is prohibited from issuing such a declaratory judgment, . . . the court is also precluded as a matter of law from adjudicating the plaintiffs' damages claims.

*Fair Assessment*, 454 U.S. at 113 n.7 (quoting *Evangelical Cath. Communion, Inc. v. Thomas*, 373 F. Supp. 1342, 1344 (D. Vt. 1973)).

tax, "not the *substantive* right to recover")); *see also Gass*, 371 F.3d at 137 (the Supreme Court does "not require that the state's remedy be the best, most convenient, or speediest one").

"[T]he Supreme Court has instructed that district courts should 'construe narrowly' any exceptions based on the unavailability of state remedies," *Trading Co. of N. Am.*, 47 F. Supp. 2d at 572, and "[t]he burden of showing that the state remedy is insufficient lies with the plaintiff." *Great Bay*, 2018 WL 4690372, at *14. CBL, however, has not even attempted to make this showing here, nor does the Court find that it could do so. Virgin Islands law affords CBL the opportunity for a full hearing and judicial determination of its claims. *See generally* 33 V.I.C. §§ 2451–2456, 2522. Significantly, Virgin Islands law requires taxpayers to appeal any decision of the BOTR to the Superior Court of the Virgin Islands. 33 V.I.C. § 2453(d) ("The decision of the Board of Tax Review in all matters coming before it under this subtitle shall be final unless the taxpayer, within 30 days after receipt from the Board of the notice provided in section 2454 of this title, petitions the Superior Court of the Virgin Islands for a review"). The Court finds no basis to conclude that this remedy is not plain, adequate, and complete as the Superior Court is fully capable of adjudicating these claims. CBL has unquestioningly been provided both access and the opportunity for meaningful review, as exhibited by its action in the Superior Court, arguing essentially the same allegations asserted in the federal action and seeking the same relief.[14] Although the Superior Court matter is still pending, the Court finds that that suit, and the potential for review by the Supreme Court of the Virgin Islands of that decision, demonstrate a plain, adequate, and complete system to address CBL's claims. Because the procedural remedies available to plaintiff through the territorial court system are sufficient, this Court is therefore precluded under principles of comity from entertaining CBL's suit for refund.

In sum, this Court is guided by the Third Circuit's and Supreme Court's instruction that "deference should be given to state courts to remedy constitutional violations arising from state revenue-raising laws if adequate state remedies exist." *Z & R Cab*, 616 F. App'x at 530–31; *see Levin*, 560 U.S. at 422; *Fair Assessment*, 454 U.S. 100. Mindful of that deference,

---

[14] CBL filed a petition for review in the Superior Court of the Virgin Islands on March 15, 2022. [ECF 12-1]. That petition states four claims for relief similar to the claims alleged in this case, and, like the instant action, seeks a refund for the taxes paid in excess of the original bills.

and after careful consideration of the factors relevant to the comity doctrine, the facts of this case, and the available state procedures, the Court will abstain from hearing CBL's challenge to the territory's administration of its tax scheme and will therefore dismiss this action.

### C.  Failure to State a Claim

The Court further finds that even if the tax comity doctrine did not counsel dismissal here, this action would still be subject to dismissal for failure to state a claim and lack of jurisdiction.

In Counts 1, 2, 3, and 5 of the FAC, CBL alleges defendants violated its rights to due process and equal protection.[15, 16] No where does the complaint invoke 42 U.S.C. § 1983, and CBL purports to bring these counts directly under the U.S. Constitution.[17] "However, such claims are impermissible because § 1983 provides an adequate, alternative remedial scheme for plaintiff's alleged constitutional violations." *Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000); *Zimmerman v. Wolff*, 622 F. Supp. 2d 240, 244 (E.D. Pa. 2008) ("A cause of action arising directly under the Constitution is not cognizable where § 1983 is

---

[15] The Court notes that these counts refer to "due process" and "equal protection" but do not specifically invoke the Fourteenth Amendment or the U.S. Constitution. The Court will assume, for the benefit of plaintiff, that CBL intends to bring these counts under the Fourteenth Amendment. To the extent that CBL refers to the Fifth Amendment in its statement of jurisdiction, [ECF 76] ¶ 4, that provision is not applicable here because the Fifth Amendment applies only to federal actors.

[16] "The Revised Organic Act of the Virgin Islands incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause." *Hendrickson v. Reg O Co.*, 657 F.2d 9, 13 n.2 (3d Cir. 1981). Specifically, the Revised Organic Act provides: "No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws." 48 U.S.C. § 1561.

[17] Counts 1, 2, and 3 allege violations of due process claiming that the GVI violated certain procedures under Virgin Islands law related to the tax assessments and proceedings before the BOTR. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). "The plaintiff carries the burden of proving the inadequacies of the state-law procedures available to him." *Williams v. Krasner*, 2024 WL 4173776, at *4 (E.D. Pa. Sept. 12, 2024) (citing *Dist. Att'y's Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009)). Moreover, "a procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." *Alvin*, 227 F.3d at 116 ("If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants.").

available as a remedy."); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"); *McGovern v. City of Philadelphia*, 554 F.3d 114, 116 (3d Cir. 2009) (while the Constitution and laws "create[] *rights*, § 1983 provides the *remedy* to enforce those rights against state actors").[18] Accordingly, these claims necessarily fail as a matter of law because the Fourteenth Amendment "provides no private right of action for a plaintiff to enforce rights otherwise enforceable under Section 1983." *Bunting v. New Jersey Off. of the State Comptroller*, 2019 WL 4565232, at *5 (D.N.J. Sept. 20, 2019) (citing *New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, 2010 WL 2674565, at *6 (D.N.J. June 30, 2010) (dismissing claims brought directly under the Fourteenth Amendment because "a plaintiff may not sue a state defendant directly under the Constitution where [§] 1983 provides a remedy" (citation omitted) (collecting cases)) and *Aiken v. Twp. of Morris*, 1990 WL 119312, at *2 (D.N.J. Aug. 14, 1990) ("relief is not awarded on a claim arising directly under the Constitution" because § 1983 is the proper vehicle to enforce federal rights)); *Rich v. New Jersey*, 2015 WL 2226029, at *6 (D.N.J. May 12, 2015) (Section 1983 "provides the appropriate cause of action for all 'citizens injured by an abridgement of those rights' guaranteed by the Fourteenth Amendment"; thus, "a party may not assert claims for relief under the United States Constitution directly, but must use the remedies afforded under Section 1983" (citation omitted)); *see also McGovern*, 554 F.3d at 119 ("The mere mention of 'rights' does not, without more, establish a private

---

[18] "As the Supreme Court acknowledged long ago, this is not a matter of semantics: 'The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury.'" *McGovern*, 554 F.3d at 116 (quoting *Chelentis v. Luckenbach S.S. Co.*, 247 U.S. 372, 384 (1918)).

right of action.").[19, 20]

Moreover, even if the Court construed plaintiff's Fourteenth Amendment claims as arising under § 1983, dismissal of these claims would still be required because "the Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Tobal v. V.I. Police Dep't*, 2022 WL 136841, at *12 (D.V.I. Jan. 13, 2022) (citing *McCauley v. Univ. of V.I.*, 618 F.3d 232, 240 (3d

---

[19] As one district court explained,

> It would serve no useful purpose to authorize two indistinguishable causes of action, one statutory and one constitutional. And it would undercut the legislative function to find in the Fourteenth Amendment a cause of action broader in scope than, and to that extent incompatible with, the cause of action fashioned by Congress to redress violations of the Constitution . . . .

*Jones v. City of Philadelphia*, 481 F. Supp. 1053, 1056 (E.D. Pa. 1979).

[20] To the extent CBL argues such direct constitutional claims are permissible, the only case cited by CBL does not in fact stand for any such proposition. *See* [ECF 96] at 4 (citing *Evenwel v. Abbott*, 578 U.S. 54 (2016)). The Supreme Court in *Evenwel* considered an equal protection challenge to the method Texas used to draw its legislative districts. While the Court discussed the history of malapportionment claims under the equal protection clause and the "one person, one vote" principle, no where did the Court indicate that such a challenge could be brought directly under the constitution. Nor did the Court need to address this issue because the plaintiff-appellants brought their district court suit under § 1983.

Nor does *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), afford CBL any relief here. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The *Bivens* decision specifically found a federal cause of action under the Fourth Amendment for damages recoverable upon proof of injuries resulting from federal officers' violation of that amendment. 403 U.S. at 397. While *Bivens* is regarded generally as creating a federal cause of action against federal actors for the violation of constitutional rights, the Supreme Court has sharply limited extending *Bivens* to new contexts if "there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492 (2022); *see Ziglar v. Abbasi*, 582 U.S. 120, 131–35 (2017); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) (the Supreme Court has "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts").

Relevant to the instant case, the Ninth Circuit has declined to extend *Bivens* to allow direct constitutional claims against state actors in order to avoid the limitations on § 1983 actions. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1998). The *Martinez* court noted that in enacting § 1983, Congress created a "fully developed remedial scheme" for constitutional violations by state actors, which is a "special factor counseling hesitation in implying additional constitutional claims." *Id.* (citation omitted). "Moreover, it is particularly appropriate for courts to defer to Congress in this area, because the Fourteenth Amendment gives Congress the power to implement the amendment's guarantees." *Id.* Thus, "a plaintiff may not sue a state defendant directly under the Constitution where section 1983 provides a remedy, even if that remedy is not available to the plaintiff." *Id.*; *see Schweiker*, 487 U.S. at 421–22 ("The absence of statutory relief for a constitutional violation, for example, does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation.").

Cir. 2010) ("Territories and their officers, acting in their official capacities, are not 'persons' under § 1983.")); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *see also Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) ("the Eleventh Amendment provides the States with sweeping immunity from suit" against private actions brought by citizens). Thus, the GVI and its employees sued in their official capacities are generally not subject to liability under § 1983 as a matter of law. While a plaintiff may sue a territorial officer in his official capacity for prospective injunctive relief only, *McCauley*, 618 F.3d at 241; *Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011); *Lockhart v. Matthew*, 203 F. Supp. 2d 403, 415 (D.V.I. 2002), comity precludes this Court from entertaining a state tax suit seeking such relief. And, while plaintiff here seeks damages in the form of a tax refund, a claim for refund against the state cannot proceed under § 1983. *Nat'l Priv. Truck Council, Inc.*, 515 U.S. at 588 n.5 (citing *Will*, 491 U.S. at 68–69).

Finally, having found that all of plaintiff's federal constitutional claims must be dismissed for failure to state a claim, there is no longer any basis for original jurisdiction in this Court, and no affirmative justification for the Court to continue to exercise its supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so" (citation omitted)).[21]

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the tax comity doctrine counsels in favor of dismissal here so that CBL's claims may be resolved in the Virgin Islands courts.

---

[21] To the extent that CBL asserts jurisdiction under 28 U.S.C. § 2201, this Court has already explained that while the federal Declaratory Judgment Act "enlarge[s] the range of remedies available in the federal courts," the Act itself is not a means to establish federal court jurisdiction. *McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 214 (3d Cir. 1971) (citation omitted); *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979) ("The statute creates a remedy only; it does not create a basis of jurisdiction, and does not authorize the rendering of advisory opinions.").

*Casa Bella Luna, LLC v. Government of the U.S. Virgin Islands, et al.*
Case No. 3:22-cv-0015
Memorandum Opinion
Page **20** of **20**

The Court further finds that, to the extent comity does not compel dismissal here, plaintiff's Fourteenth Amendment claims necessarily fail as a matter of law and must be dismissed with prejudice. Finally, without any affirmative justification for deciding the remaining state law claims, those claims must also be dismissed. For all of these reasons, the Court will dismiss this matter in its entirety. An appropriate Order follows.

**Date:**  September 30, 2024                    */s/ Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**